## SILVA v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 4, 1929.

No. 5807.

Clifford A. Russell, of Sacramento, Cal., for appellant.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge. Appellant was convicted under an indictment charging four separate violations of the internal revenue laws, in respect to the setting up and operation of a still without registration, in the Northern district of California, on or about May 10, 1928, and the judgment imposed a separate punishment for each charge.

In respect to the first count, without success appellant moved for arrest of judgment. This count charges only a failure to register the set-up still with the "internal revenue collector," and in that particular it is substantially identical with counts 1, 2, and 3 of the indictment considered by the Circuit Court of Appeals of the Second Circuit in United States v. Lecato et al., 29 F.(2d) 694. For the reasons there assigned, we agree with that court that the defect is vital, and accordingly hold it was error to deny the motion in arrest of judgment.

As to the judgment on counts 2, 3, and 4: There was no motion challenging the sufficiency of the evidence, no request for instructions of any character, and no exception to instructions given; hence there is not properly before us any question touching these subjects.

The still was by the prohibition agents found set up and in operation on a large

ranch near Sacramento, and appellant and his codefendants were there at the time. As additional circumstances tending to show appellant's connection and responsibility, the government sought to establish that he was the real owner, and was in the actual possession and control, of the ranch. The former owner testified that he negotiated with appellant in making the sale, but that after the terms were agreed upon the deed was executed in favor of his son, who thus took and held the legal title.

Substantially the only other assignment is of the alleged error of the court in permitting the former owner to testify touching some phases of this transaction. While in his argument appellant seems to assume the contrary, there is really no question of the competency of oral testimony in respect to the contents of the deed, for all that the witness said upon that point was that the deed ran to the son—a fact favorable to appellant and, of course, admitted by him. But a material question in the case was the actual possession and control of the property, regardless of who held the legal title thereto. If in fact appellant had the actual possession and control, and while he was so in possession and control a still was set up and put into operation thereon, manifestly the fact had some bearing upon the question of his connection with and responsibility for the criminal enterprise. All the facts and circumstances attending the purchase and subsequent possession and control of the ranch were therefore relevant, and with respect to them there is no doubt of the competency of the testimony assailed.

The only other assignment is wholly without merit. It involves an exception to the district attorney's contention, made in the course of his argument to the jury, that by the evidence it was shown appellant really owned the ranch, and that he put the title in his son's name for fear of his creditors, as his testimony touching his checks and bank account tended to prove. In explaining about certain checks given a short time after the ranch transfer, he himself had testified that he was "broke," that he had many creditors, and that he kept no bank account in his own name. To appellant's objection to the district attorney's contention the court responded that it was legitimate argument, and that if, in making it, counsel misstated the testimony, the jurors were to remember and be governed by the testimony actually given, regardless of what the district attorney stated it to be.

On the first count the judgment is reversed, and upon the other three it is affirmed.