## SILVA v. UNITED STATES. *
### No. 5807.

Circuit Court of Appeals, Ninth Circuit.
March 3, 1930.

*Certiorari denied 50 S. Ct. 354, 74 L. Ed. —.

Clifford A. Russell, of Sacramento, Cal., for appellant.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge.

On November 4, 1929, we filed an opinion [35 F.(2d) 598] affirming the judgment convicting appellant of violations of the National Prohibition Act (27 USCA). In due course, upon December 5, 1929, mandate issued. Thereafter, on December 11, 1929, through new counsel, whom he had in the meantime employed, appellant moved for a recall of the mandate and for leave to file a petition for rehearing, and also a petition that we grant a new trial on account of newly discovered evidence, or that we authorize the trial court to entertain such a petition. Two days later we entered an order recalling the mandate and granting leave to submit such petitions. There is nothing new of substance in the considerations presented in support of the petition for rehearing.

The alleged offenses for which appellant was convicted were committed on May 10, 1928. A large still in operation was found upon farm lands the title to which was in appellant's son but in the use and possession of which, at least, he had some interest. When the officers discovered the still, he was present. Some of the testimony tended to show that he was interested in its operation, and that he had been at the still several times during the period of about two weeks

immediately prior to its discovery by the officers. On the other hand, there was testimony tending to show that the still had been set up only a day or two, that he did not know of its existence for more than a few minutes prior to the discovery, and that he was present at the time only for the purpose of satisfying his curiosity. The indictment upon which he was tried was returned June 11, 1928, and it seems that at the first trial thereon the jury disagreed. The second trial resulting in his conviction occurred the middle of February, 1929, and a verdict was returned and judgment entered on February 16, 1929. On the same day a motion for a new trial was submitted and denied, but the grounds of such motion did not include newly discovered evidence. The appeal was taken February 23, 1929. In the brief in support of the present petition, it is asserted that the witness who at the second trial gave the most direct and damaging testimony as to the length of time the still had been set up and the number of times appellant had visited it did not testify at the first trial. However that may be, in view of the nature of appellant's defense, it must have been manifest from the beginning that it would be important for him to show that the still had been set up only a day or two before it was discovered; and such is the character of the testimony which appellant now offers to produce as newly discovered evidence. He supports his petition for the extraordinary relief by attaching two affidavits, one made by a man named Martin and another by McKay, which are in substance that they were employed in taking care of sheep running upon the large farm above referred to, where the still was found, during a period of several weeks immediately prior and up to May 8, 1928, and that, if the still had been where it was found by the officers on the 10th of May, they would necessarily have seen it, but they did not see it. Appellant knew that these sheep were being run upon the ranch, and apparently knew that these men had charge of them. Eight months elapsed between the time of the indictment and the time of the second trial. It further turns out that, of the affidavits so relied upon, that of Martin was taken on April 4, 1929, and that of McKay on April 5, 1929. It also appears that by a standing rule (rule 8) of the trial court each term of a court is deemed to be extended for the purposes of entertaining and disposing of motions for new trials as well as for other purposes for "a period of three calendar months beginning on the date on which the verdict is rendered or judgment or decree entered." Neither formally nor informally was any suggestion made to the trial court of newly discovered evidence, nor were these affidavits brought to the attention of any court until the appeal in this court had been decided and the period for the going down of the mandate had elapsed.

Appellant cites Harley v. United States (C. C. A.) 269 F. 384; Ogden v. United States (C. C. A.) 112 F. 523; Dowling v. United States (C. C. A.) 23 F.(2d) 679; In re Gamewell Fire-Alarm Tel. Co. (C. C. A.) 73 F. 908; Ex parte Fuller, 182 U. S. 562, 21 S. Ct. 871, 45 L. Ed. 1230, but, upon examination, we fail to find in any one of them support for his contention that we have at this juncture the power he seeks to invoke. More nearly in point in his favor are Angle v. United States (C. C. A.) 162 F. 264 and Martin v. United States (C. C. A.) 17 F.(2d) 973. See, however, United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129.

But, if such power be assumed, we think it clear that, in view of the consequences which would follow its liberal exercise, it ought to be employed only under extraordinary circumstances to avoid injustice. Such circumstances do not here exist, and there is a failure to show reasonable diligence.

Accordingly, both the petition for a rehearing and the petition for a new trial are denied.