George GRANT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17240.

United States Court of Appeals Ninth Circuit.

June 8, 1961.

Samuel C. McMorris, Sacramento, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, William Bryan Osborne, Asst. U. S. Atty., Asst. Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and KOELSCH, Circuit Judges.

BARNES, Circuit Judge.

Appellant was charged and convicted by a jury of having aided, abetted, counseled, induced and procured the commission of a certain act prohibited by statute (18 U.S.C. § 2), namely, the sale by Clyde Tillis to James Washington and Donald Tizenor of eighteen grams of marijuana, without obtaining from either of them a written order on a form issued for that purpose by the Secretary of the Treasury of the United States. 26 U.S.C. §§ 4742(a), 7237.

Appellant was sentenced June 27, 1960. He was admitted to bond pending appeal in the sum of $5,000. On July 6, 1960, he appealed. No steps were taken to docket the appeal or file a transcript of the testimony. Six months later, on January 13, 1961, the government's motion to docket and dismiss the appeal came before us. Despite appellant's lack of concern as to his appeal, this motion was denied conditionally, subject to briefs being filed in March 1961, and the matter heard on our April Calendar.

Thereafter, on March 6, 1961, appellant, despite his ability to post bond to obtain his liberty, alleged his poverty and moved to proceed in forma pauperis. We granted that request and appointed counsel to represent him.

Appellant thereafter filed his Opening Brief. In it counsel raised three points:

I. Insufficient evidence.

II. Entrapment.

III. The indictment states no cause of action, "and is bad for duplicity."

None of the points raised on this appeal were raised in the district court below. With respect to point I, appellant made no motion for judgment of acquittal at the conclusion of the government's case, nor at the conclusion of all the evidence, nor after the return of the verdict.

The issue of entrapment was not raised below. The sole defense was that the conversations charged to the appellant by the government's witnesses had never taken place. That appellant *was present* on the two occasions when, according to prosecution witnesses, purchase of marijuana was discussed, and arrangements for the purchase of marijuana made, was not denied by appellant.

Two government agents testified that they, with Mitchell, the "special employee," sought to purchase marijuana through appellant, that he placed them in touch with Tillis (the codefendant) as a person who could supply them mari-

juana. They testified further that appellant told them they did not need to be afraid "of being took" for the money; that Mr. Tillis was all right; that the marijuana would be good marijuana; that Mr. Tillis was dependable; that whatever he said would be all right. Appellant took part (said the agents) in such conversation, devoted to marijuana and how it could be acquired, for from thirty to forty-five minutes.

Admittedly, appellant, *after* he was asked if he knew anyone through whom marijuana could be purchased, told Mitchell he did.[1] Appellant argues he didn't "mean" to meet the possible purchasers later; that while it is true he did later meet the government agents at the agreed time and place,[2] it was only by chance; and Tillis "happened" to arrive with appellant. Again appellant vouched for Tillis; and leaving his own car with Tillis, both got into the officers' vehicle. And subsequently marijuana was purchased by these officers on two occasions from Tillis.

■■ Thus there was a conflict in the evidence, decided adversely to appellant,[3] as to whether he had aided or abetted the unlawful sale. Were we to reach the point of the insufficiency of the evidence, we would be required to affirm. But this point was not preserved below, nor even raised there. The very purpose of such a rule is to enable the court to consider it below—to prevent error—to avoid appeal. The insufficiency of the evidence, not having been raised below, cannot be raised for the first time on appeal. Cellino v. United States, 9 Cir., 1960, 276 F.2d 941; Wayne v. United States, 8 Cir., 1943, 138 F.2d 1, certiorari denied 320 U.S. 800, 64 S.Ct. 429, 88 L. Ed. 483; Silva v. United States, 9 Cir., 1929, 35 F.2d 598, rehearing denied 38

F.2d 465, certiorari denied 281 U.S. 751, 50 S.Ct. 354, 74 L.Ed. 1162.

■ The same rule of law applies to the defense of entrapment. No instructions were requested thereon; and the appellant's counsel had no objections to voice concerning the instructions given or omitted. Having relied upon his denial of any participation in the transaction, it is now too late to have appellant reverse his field and urge, "Yes, I did participate, but I was entrapped into doing it." Hale v. United States, 5 Cir., 1945, 149 F.2d 401, certiorari denied 326 U.S. 732, 66 S.Ct. 40, 90 L.Ed. 436; United States v. Ginsburg, 7 Cir., 1938, 96 F.2d 882, 886, certiorari denied 305 U.S. 620, 59 S.Ct. 81, 83 L.Ed. 396; Boehm v. United States, 8 Cir., 1927, 21 F.2d 283.

■ Never was the sufficiency of the indictment raised below. It was not even listed as a ground for appeal. Of course, if this ground reaches a matter of jurisdiction, it can be raised at any time. Here appellant suggests that a person charged as aiding and abetting must be charged with having "knowingly, wilfully, and unlawfully" so acted.

■ We agree with appellant that the words "wilfully," "maliciously," and "knowingly" must be stated in an indictment when they constitute an essential part of the statutory definition of the offense. Here they do not. Title 18 U. S.C. § 2 defines one who "aids, abets, counsels, commands, induces, or procures its commission [of an offense against the United States], is punishable as a principal." In order to aid and abet another to commit a crime a defendant must in some way associate himself with the venture—he must participate in it as in something that he wishes to bring about, and he must seek by his action to make

---

1. From appellant's own testimony:
   " 'I know one fellow,' I says, 'I will call him and see if he knows anybody that has anything. If you will meet me back here in about 15 minutes, maybe close to half an hour, I will come back and let you know.' " He also quoted a price to the detective, $60 a pound.

2. Central and Imperial Streets, at 9:15 p. m.

3. As pointed out in Appellant's Brief, p. 5.

it succeed. The word abet contains within it an implication of guilty knowledge on the part of the participant. It is not necessary to allege that one "knowingly" abetted. People v. Warren, 130 Cal. 678, 682, 63 P. 87. One need not even be charged as an aider and abettor in order to be held as one. Nye & Nissen v. United States, 9 Cir., 1948, 168 F.2d 846, and cases relied on, at page 855, affirmed 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919.

Finding no error, the judgment of conviction is affirmed.