Clarence **RILEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18929.

United States Court of Appeals Ninth Circuit.

Oct. 22, 1964.

Warren C. Moore, San Jose, Cal., for appellant.

William N. Goodwin, U. S. Atty., Ronald G. Neubauer, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BARNES, HAMLEY, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

Appellant's argument that evidence seized at the time of his arrest should have been suppressed because the officers did not have a search warrant, and did not comply with the requirements of Rule 4(c) (3) of the Federal Rules of Criminal Procedure in executing the warrant of arrest, is not well taken since the record established beyond argument that, in any event, the arrest to which the

**618**

search was incident was based upon probable cause. See, e. g., United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Hagans v. United States, 315 F.2d 67, 69 (5th Cir. 1963); Hess v. United States, 254 F.2d 578, 583 (8th Cir. 1958); Bartlett v. United States, 232 F.2d 135, 138 (5th Cir. 1956).

■ Appellant's attempt to raise the issue of entrapment for the first time on appeal must be rejected on the basis of this court's prior rulings in Ramirez v. United States, 294 F.2d 277, 283 (9th Cir. 1961); Grant v. United States, 291 F.2d 746, 748 (9th Cir. 1961); and Cellino v. United States, 276 F.2d 941, 947 (9th Cir. 1960).

Affirmed.