### William PINKUS, Appellant,
### v.
### Peter PITCHESS, Sheriff of Los Angeles County, California, et al., Appellees.
### No. 24294.

United States Court of Appeals, Ninth Circuit.

June 29, 1970.

Bernard Berkman, of Berkman, Gordon & Kancelbaum, Cleveland, Ohio, Tankel, Toll, Lertzman & Leavitt, Beverly Hills, Cal., for appellant.

Roger Arnebergh, City Atty., Philip E. Gray, Asst. City Atty., Michael T. Sauer, Deputy City Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

In a California municipal court, Pinkus was charged with having committed sixteen violations of the California statute prohibiting the sale and distribution of obscene material. Cal. Penal Code § 311.2. Eventually there was a jury trial, but only nine of the sixteen alleged violations were submitted to the jury. Pinkus was convicted on two of the charges, and a mistrial was declared as to the remaining seven, the jury having been unable to reach agreement. Pinkus was sentenced to 180 days of imprisonment on each of the two counts on which he had been convicted, but the court suspended the sentences and awarded probation upon the condition that Pinkus serve 90 days of confinement. Pinkus' appeals in the California state courts were unavailing, and he eventually served his 90-day term of imprisonment. He does, however, remain

under the disability of state probationary supervision.

Pinkus challenges his state court conviction upon numerous grounds relating to alleged infringement of his rights under the federal constitution. Several of his propositions, and especially those relating to an alleged unconstitutional search and seizure, appear to be well taken. We need, however, reach only a basic question, namely, whether the allegedly obscene matrial was protected by the First Amendment. We have concluded that it was. The "worst" of the material is described as a motion picture of a woman who, disrobed, feigns some type of sexual satisfaction which is self-induced. The film is apparently typical of the usual "stag" movies which the courts encounter with increasing frequency. In the state court trial, the prosecution introduced no persuasive testimony that the material was offensive to contemporary notions of free expression. The district judge, as did the state court jury, made the factual determination that the film was obscene, but we have concluded that we cannot reconcile the determination with Supreme Court decisions in several cases involving comparable material. *See, e. g.,* Bloss v. Dykema, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970); Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967). *See especially* Aday v. United States, 388 U.S. 447, 87 S.Ct. 2095, 18 L.Ed.2d 1309 (1967), *rev'g* United States v. West Coast News Co., 357 F.2d 855 (6th Cir. 1966).

Upon remand, the District Court will hold the petition in abeyance and will issue its writ of habeas corpus unless the California state court vacates the two judgments of conviction within thirty days from the time the District Court receives our mandate.

Reversed and remanded.

CHAMBERS, Circuit Judge (concurring):

I suppose that Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, requires us to put on our habeas corpus glasses and rule on this crummy motion picture for stag parties. And, so I concur.

But what we feel we have to do here should be abolished by someone—Congress or the Supreme Court of the United States.

Here we have a state misdemeanor conviction with 90 days of jail time plus some probation. Pinkus, having exhausted state remedies, got his petition for federal habeas corpus going as soon as he started serving his time. (He has long ago served it.)

Historically the writ of habeas corpus has been known as the Great Writ. After we review the state courts on a few more dirty pictures and then some traffic convictions from the state side, we can call it the Silly Writ.