**UNITED STATES of America,
Plaintiff,**

v.

**Michael George THEVIS, Peachtree News
Co., Inc., Frederic E. Lund, and New
Orleans Book Mart, Inc., Defendants.**

**Crim. A. No. 32225.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 18, 1971.

See also, D.C., 328 F.Supp. 136.

Michael Ellis, Asst. U. S. Atty., for plaintiff.

Jack Peebles, Metairie, La., for defendant.

RUBIN, District Judge:

Like Judge Chambers and, I suspect, a good many of my colleagues who are less blunt in their language, I find it judicially demeaning to spend time viewing "this crummy stag movie."[1] What was

once called sexual perversion can no longer be so denominated in the light of contemporary psychological knowledge; but that does not preclude the evaluation of this film as a perversion of the great cinematic art. Fortunately the motion before me does not call for an appraisal of either its artistic merit or ideational content.

The defendants move to have suppressed as evidence and to have returned to them the reels of film comprising one complete copy of Holiday Balls. They contend that the film must be released because it was seized before an adversary judicial proceeding was held to consider its obscenity.

This is the theory dealt with at length by the three judge court in Delta Book Distributors, Inc. v. Cronvich, E.D.La. 1968, 304 F.Supp. 662, now under consideration by the United States Supreme Court. Although my views were rejected there, and although I have great respect for those fellow judges who differed with me, their decision is but the decision of a district court, hence not binding on me. Until either the Fifth Circuit Court of Appeals or the United States Supreme Court rules otherwise, I adhere to the views expressed in my dissent with respect to whether a prior adversary hearing is in all events necessary before any seizure of books, magazines, pamphlets or films. If this were so,

> "[N]o prosecution could be commenced under this statute that we all agree is constitutional unless the state first holds a separate adversary proceeding against every single news dealer for each item of pornography that he might choose to sell at any time. Even though a court might have decided that a dealer on one street was violating the law by selling a work that had been held pornographic, a dealer on the next street could not be prosecuted until he also had been afforded a 'prior adversary hearing' concerning the self-same

---

1. Pinkus v. Pitchess, 9 Cir. 1970, 429 F.2d 416, 417 (concurring opinion).

item. And after it had been determined that the current issue of 'Spread Eagle,' consisting of photographs proclaimed to be for 'Adults Only' (State Exhibit 7), violated the statute, the defendant would be free (by simply substituting one mode for another) to sell another issue of that prurient publication containing photographs having identical pornographic content." Dissent, in Delta Book Distributors, Inc., v. Cronvich, *supra*, at 673.

It is redundant to repeat at length the other views expressed in that dissent. As Chief Judge West held in Bazzell v. Gibbens, E.D.La.1969, 306 F.Supp. 1057, 1969:

> "We have for decision only the narrow question of whether or not the Constitution of the United States compels, in all cases, an adversary hearing on the question of obscenity prior to seizure of the thing alleged by the State to be obscene. We answer that question in the negative. Under the particular circumstances of this case, it is the opinion of this Court that the film in question was properly seized and held as evidence to be used in the criminal prosecution which the State expects to follow."

When materials are seized to suppress their use, most courts have adopted the view that a prior adversary hearing is required. A few have held the "prior adversary proceeding" doctrine applicable to seizures made to support a criminal prosecution. Up to now, the First Amendment has not been held to shelter what is conceded (for present purposes) to be obscenity that is commercially distributed. Unless Roth v. United States, 1957, 354 U.S. 476, 77 S.Ct. 1304, 1 L. Ed.2d 1498 is overruled, there appears to me to be no reason to prevent seizure of *one* copy of a book or other publication incident to an otherwise lawful arrest.

Seizure of a film from a theatre may present a different question. If there is only one reel of the film, seizure of it will act in the same manner as a seizure of the entire stock of a newsdealer. Here, however, the film was not taken from one displaying it; it was purchased over-the-counter from a salesman. No evidence indicated that this "seizure" was "of the entire stock." Rather, it appears that the government obtained one copy of the allegedly obscene material to be used in preparation for trial. Compare United States v. Alexander, 8 Cir. 1970, 428 F.2d 1169; Tyrone, Inc. v. Wilkinson, 4 Cir. 1969, 410 F.2d 639.

For these reasons, the motion to suppress is denied.