COMMONWEALTH OF PENN-
SYLVANIA

v.

Byron C. MEYERS, Jr., Appellant in
No. 19434.

Appeal of Eric DYKES in No. 19,435.
Appeal of Stephen J. RUSSELL, in
No. 19,436.

Appeal of Edward SUBER, in No. 19,437.
Appeal of Mark K. COVINGTON, in
No. 19,438.

Appeal of William D. ALLIE, in
No. 19,439.

Appeal of Julius WILLIAMS, also known
as Clarence J. Williams, in No. 19,440.

COMMONWEALTH OF PENN-
SYLVANIA

v.

Francis BARR, Appellant in No. 19441,
Tony Notts.

Appeal of Tony NOTTS, in No. 19,442.

Nos. 19434, 19442.

United States Court of Appeals,
Third Circuit.

Submitted Oct. 21, 1971.

Decided Nov. 5, 1971.

Harry F. Swanger, Pittsburgh, Pa., for
appellants.

J. Kent Culley, Asst. Dist. Atty., Pitts-
burgh, Pa. (Robert W. Duggan, Dist.
Atty. of Allegheny County, Carol Mary
Los, Asst. Dist. Atty., Pittsburgh, Pa., on
the brief), for appellee.

Before ALDISERT, GIBBONS and
ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

These appeals from a remand to the
state court of two petitions for removal
pursuant to 28 U.S.C. § 1443(1) present
essentially the same issues previously de-
cided by this court in Hill v. Common-
wealth of Pennsylvania, 439 F.2d 1016
(3d Cir. 1970).

The judgment of the district court will
be affirmed.

Harold WASSERMAN, Petitioner-
Appellant,

v.

The MUNICIPAL COURT OF the AL-
HAMBRA JUDICIAL DISTRICT,
Respondent-Appellee.

No. 26757.

United States Court of Appeals,
Ninth Circuit.

Nov. 4, 1971.

Rehearing Denied Dec. 3, 1971.

Edwin M. Rosendahl (argued), Bever-
ly Hills, Cal., for petitioner-appellant.

Robert Lederman, Deputy Dist. Atty.
(argued), Joseph P. Busch, Jr., Dist.
Atty., of L. A., Los Angeles, Cal., for
respondent-appellee.

Before BARNES, DUNIWAY and
WRIGHT, Circuit Judges.

PER CURIAM:

Appeal from an order denying a peti-
tion for a writ of habeas corpus. As we
have held that we are required to do, we
have made our own "independent, *de
novo* constitutional judgment * * *
as to whether the [advertising leaflet]
involved is constitutionally protected."
(Childs v. Oregon, 9 Cir., 1970, 431 F.2d
272, 275). We agree with the District
Judge that the leaflet was properly found
by the California courts to fall within
the three part definition of obscenity
stated in Redrup v. New York, 1967, 386
U.S. 767, 770–771, 87 S.Ct. 1414, 18
L.Ed.2d 515, and in Cal.Penal Code §
311(a). See also Ginzburg v. United
States, 1966, 383 U.S. 463, 86 S.Ct. 942,
16 L.Ed.2d 31.

Affirmed.