**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert J. BARANOV, Defendant-Appellant.**

**No. 26380.**

United States Court of Appeals, Ninth Circuit.

Feb. 9, 1973.

Byrne, J., dissented with an opinion.

Burton C. Jacobson, Beverly Hills, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Warren P. Reese, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and BYRNE, Sr.,* District Judge.

PER CURIAM:

Baranov appeals from a conviction for mailing obscene matter in violation of 18 U.S.C. § 1461. We reverse.

The government's case consisted of photographs, advertisements, a motion picture and proof of mailing.

As we are required to do, we have reviewed the evidence *de novo.* Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); Wasserman v. Municipal Court of the Alhambra Judicial Dist., 449 F.2d 787 (9th Cir. 1971); Childs v. Oregon, 431 F.2d 272 (9th Cir. 1970), rev'd on other grounds 401 U.S. 1006, 91 S.Ct. 1248, 28 L.Ed. 2d 542 (1971). We have found the usual tasteless pictures focusing on the exterior human genitalia.

However, none of this material appears to be any more offensive or distasteful than what the Supreme Court has found not obscene. United States v. 392 Copies of Magazine "Exclusive", 253 F.Supp. 485 (D.Md.1966), aff'd 373 F. 2d 633 (4th Cir. 1967), rev'd sub nom. Central Magazine Sales v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967); Pinkus v. Pitchess, 429 F.2d

* Honorable William M. Byrne, Senior United States District Judge, Central District of California, sitting by designation.

416 (9th Cir. 1970), aff'd 400 U.S. 922, 91 S.Ct. 185, 27 L.Ed.2d 183 (1970). *Cf.* United States v. 56 Cartons Containing 19,500 Copies of Mag., 373 F.2d 635 (4th Cir. 1967), rev'd sub nom. Potomac News Co. v. United States, 389 U.S. 47, 88 S.Ct. 233, 19 L.Ed.2d 46 (1967).

The materials in both United States v. Miller, 455 F.2d 899 (9th Cir. 1972) and United States v. Young, 465 F.2d 1096 (9th Cir. 1972) were substantially more explicit than those involved here. *Cf.* United States v. Arno, 463 F.2d 731 (9th Cir. 1972).

Reversed.

BYRNE, District Judge (dissenting).

I respectfully dissent.

I do not agree that Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793, requires or permits us to review the evidence *de novo.* A close reading of *Jacobellis* clearly shows that it is *only the Supreme Court* which has the duty to apply the applicable rules of law upon the basis of an independent review of the facts of each case in all cases involving constitutional rights under the Due Process clause. "Hence, we reaffirm the principle that, in 'obscenity' cases as in all others involving rights derived from the First Amendment guarantees of free expression, *this Court* cannot avoid making an independent constitutional judgment on the facts of the case as to whether the material involved is constitutionally protected." (Page 190, 84 S.Ct. page 1679) (Emphasis supplied).

If there is any doubt as to the court's intention that the holding applied to the Supreme Court only and not to Courts of Appeals, it surely is dissipated by Chief Justice Warren's dissenting opinion disagreeing with the majority ruling that the Supreme Court should make an independent *de novo* judgment on the question of obscenity. "However, protection of society's right to maintain its moral fiber and the effective administration of justice require that *this Court not establish itself as an ultimate censor,* in

each case reading the entire record, viewing the accused material, and making independent *de novo* judgment on the question of obscenity. Therefore, once a finding of an obscenity has been made below under a proper application of the *Roth* test, I would apply a 'sufficient evidence' standard of review—". (Pages 202–203, 84 S.Ct. page 1686) (Emphasis supplied).

Certainly, *this court* is limited to applying a "sufficient evidence" standard of review.

The evidence being sufficient to support the district court's findings, I would affirm.