UNITED STATES of America, Plaintiff-Appellant,

v.

Robert ELKINS and Paul David Novick, dba Movieland Distributors, Defendants-Appellees.

No. 74–1308.

United States Court of Appeals, Ninth Circuit.

July 8, 1977.

William D. Keller, U. S. Atty., Michael T. Kenney, Asst. U. S. Atty., Los Angeles, Cal., submitted on briefs for plaintiff-appellant.

Roger Jon Diamond, Hecht, Diamond & Greenfield, Pacific Palisades, Cal., submitted on briefs for defendants-appellees.

Before CHAMBERS and CARTER, Circuit Judges, and SCHWARTZ *, District Judge.

PER CURIAM:

The defendants were indicted for interstate shipment on January 19, 1973, of alleged obscene films, in violation of 18 U.S.C. § 1462. The indictment was dismissed on the motion of the defendants on the ground that 18 U.S.C. § 1462 could not constitutionally be applied to conduct occur-

* Hon. Edward J. Schwartz, Chief United States District Judge, Southern District of California, sitting by designation.

ring before June 21, 1973, the date of the decision of the Supreme Court in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

At argument of the appeal, it appeared that en banc consideration had been requested in certain obscenity cases pending in 1974 before this court. In July 1974 we deferred submission pending the result on the en banc decision, citing a series of pending cases. Thereafter, the en banc request failed to secure a majority of the court and, thus, no en banc consideration occurred.

Various of the pending cases cited in our July 1974 order moved on to finality. In *United States v. Miller,* 455 F.2d 899 (9 Cir. 1972), convictions under 18 U.S.C. § 1461 had been affirmed. The judgment was vacated in *Miller v. California, supra,* and remanded for reconsideration. In *United States v. Miller,* 505 F.2d 1247 (9 Cir. 1974), the convictions were reaffirmed by adoption of the prior opinion in 455 F.2d 899. *Certiorari* was denied. 422 U.S. 1024, 95 S.Ct. 2619, 45 L.Ed.2d 683 (1975).

*Miller v. United States,* 431 F.2d 655 (9 Cir. 1970) also had affirmed a conviction under 18 U.S.C. § 1462. It likewise was vacated by *Miller v. California, supra,* and remanded for reconsideration. *Miller v. United States,* 507 F.2d 1100 (9 Cir. 1974), reaffirmed the convictions adopting the decision in 431 F.2d 655. *Certiorari* was again denied. 422 U.S. 1025, 95 S.Ct. 2620, 45 L.Ed.2d 683 (1975).

In *Wasserman v. Municipal Court,* 449 F.2d 787 (9 Cir. 1971), it appeared that Wasserman had been convicted of violating California Penal Code § 311, a misdemeanor for distributing an obscene brochure. The superior court affirmed and petitions for habeas corpus were denied by California courts.

A petition for habeas corpus was denied by the United States District Court for the Central District of California. It found the material obscene. This court affirmed in *Wasserman v. Municipal Court, supra.* This judgment was likewise vacated by *Miller v. California, supra.* We remanded it to the district court. *Wasserman v. Municipal Court,* 502 F.2d 764 (9 Cir. 1974). The district court then granted the writ of habeas corpus. We reversed with instructions to deny the writ. *Wasserman v. Municipal Court,* 543 F.2d 723 (9 Cir. 1976).

Other cases have since been decided. In *United States v. London Press,* 541 F.2d 287 (9 Cir. 1976) (Table), defendants were convicted of violating 18 U.S.C. § 1461 by conduct prior to *Miller v. California, supra.* The conviction was affirmed by an unpublished memorandum. *Certiorari* was denied on February 22, 1977, 429 U.S. 1120, 97 S.Ct. 1156, 51 L.Ed.2d 571 (1977). Finally, *United States v. Cutting,* 538 F.2d 835 (9 Cir. 1976), *cert. denied,* 429 U.S. 1052, 97 S.Ct. 766, 50 L.Ed.2d 769 (1977), involving 18 U.S.C. § 1461, was decided en banc, and *certiorari* was denied.

These cases all involved conduct prior to June 21, 1973, the date of *Miller v. California, supra.* They dispose of defendants' contentions concerning pre-1973 conduct.

*United States v. Cutting, supra,* contains a detailed analysis of the pre-1973 problem.

"The acts underlying the indictment and trial took place before the 1973 and 1974 obscenity decisions of the Supreme Court of the United States. Appellants are therefore entitled to have their convictions measured against the standards of *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and *Memoirs v. Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), unless they would benefit by application of the Supreme Court's more recent decisions. *Hamling v. United States,* 418 U.S. 87, 102, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Jacobs,* 513 F.2d 564 (9th Cir. 1974). It is a general rule that a change in the law which has occurred after a relevant event in a case will be given effect while the case is on direct appeal. *Hamling v. United States, supra,* 418 U.S. at 102, 94 S.Ct. 2887; *Linkletter v. Walker,* 381 U.S. 618, 627, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). That rule applies here, and thus the judgments of conviction also must be substantively ex-

amined in the light of the principles laid down in the more recent cases. *Hamling v. United States, supra,* 418 U.S. at 102, 94 S.Ct. 2887.

"Both the *Memoirs* test, *Memoirs v. Massachusetts, supra,* 383 U.S. at 418, 86 S.Ct. 975, and the *Miller* test, *Miller v. California, supra,* 413 U.S. at 24, 93 S.Ct. 2607, in the second portion of their tripartite tests, proscribe sexual material which is 'patently offensive.' In *Miller,* the Court took occasion to give examples of what it meant by 'patently offensive':

'It is possible, however, to give a few plain examples of what a state statute could define for regulation under part (b) of the standard announced in this opinion, *supra:*

'(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.

'(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.' *Miller v. California, supra* at 25, 93 S.Ct. at 2615.

"The Court in *Hamling v. United States, supra,* 418 U.S. at 115, 94 S.Ct. at 2906, said of the material there,

'It is plain from the Court of Appeals' description of the brochure involved here that it is a form of hard-core pornography well within the *types of permissibly proscribed depictions described in Miller,* and which *we now* hold § 1461 to cover.' (Emphasis added.)

Thus, the Court in *Hamling* defined for purposes of section 1461 what constitutes hard-core pornography and found that it is made up in part at least by the examples listed in *Miller.*

"To the argument made in *Hamling* that because the crime for which convictions had been obtained had not been enumerated in the statute at the time of their conduct, the convictions could not be sustained, the Court responded:

'But the enumeration of specific categories of material in *Miller* which might be found obscene did not purport to make criminal, for the purpose of 18 U.S.C. § 1461, conduct which had not previously been thought criminal.' *Hamling v. United States, supra* 418 U.S., at 116, 94 S.Ct., at 2907.

The *Hamling* Court, *supra* at 114, 94 S.Ct., at 2906, to the same effect also said:

'As noted above, we indicated in *United States v. 12 200-ft. Reels of Film, supra,* 413 U.S. [123], at 130 n. 7, 93 S.Ct. [2665], at 2670 [37 L.Ed.2d 500 (1973)] that we were prepared to construe the generic terms in 18 U.S.C. § 1462 to be limited to the sort of "patently offensive representations or descriptions of that specific 'hard core' sexual conduct given as examples in *Miller v. California.*" We now so construe the companion provision in 18 U.S.C. § 1461, the substantive statute under which this prosecution was brought.'" (Footnotes omitted.)

*Marks v. United States,* 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977), held only that the tougher obscenity standards announced in *Miller v. California, supra,* could not be given retroactive effect to pre-*Miller* conduct. The conduct of defendants, which occurred prior to the 1973 *Miller* decision, was judged by the earlier standards of *Roth* and *Memoirs.* Therefore, there is no due process violation.

The judgment is reversed and the case remanded to the district court for trial.