**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gilbert HOLT, Defendant-Appellant.**

**No. 14793.**

United States Court of Appeals Sixth Circuit.

July 27, 1962.

J. Kenneth Meagher, Cincinnati, Ohio (Court-appointed), for appellant.

Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The appellant Gilbert Holt was tried before a jury and found guilty of the unlawful possession of heroin in the United States District Court for the Eastern District of Michigan, Southern Division. His motion to suppress evidence was denied.

The appellant was arrested in an apartment located at 1923 West Euclid Street, Detroit, Michigan, on November 5, 1959. On the same day, one Ralph Crumbie, tenant of this apartment, was arrested on the street several blocks away from his home, by officers of the Detroit Police Department. The officers did not have a warrant for the arrest of Crumbie, or a warrant to search his apartment. They were acting on the undisclosed information that he was a dealer in narcotics. A search of his person at the time of the arrest revealed no narcotics.

After the arrest, the officers drove Crumbie to his apartment and upon request he gave them his keys. He told them that the appellant and one Phyllis Eades were in the apartment. The officers being unable to unlock the door gained entrance by force. They found the appellant in bed asleep. He was awakened, handcuffed and taken to the living room. A search of the bed room

was then conducted. After he was permitted to dress, he was searched and a sealed package of heroin was found in his pants pocket. It is this evidence that was the subject of his prosecution and conviction.

The trial judge denied the motion to suppress evidence, for the reason that the apartment was not the home of the appellant and therefore his constitutional rights were not invaded. Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides that an "aggrieved" person may move for the suppression of evidence. It has been generally held by the appellant and district courts that a guest or an invitee is not an "aggrieved" person. In re Nassetta, 125 F.2d 924, 925, C.A.2; Gaskins v. United States, 95 U.S.App.D.C. 34, 218 F.2d 47, 48; Jones v. United States, 104 U.S.App.D.C. 345, 262 F.2d 234, 236, vacated and remanded 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

Subsequent to the ruling of the trial judge, the Supreme Court decided Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. In this case the Court held that a defendant charged with possession, "in a very real sense is revealed as a 'person aggrieved by an unlawful search and seizure' upon a motion to suppress evidence prior to trial." As a second ground for sustaining "standing" the Court held that lawful presence in the premises was sufficient interest therein to warrant the questioning of the legality of the search and seizure by motion to suppress evidence.

It is admitted by counsel for the government that, under the rule of the Jones case, the appellant was a "person aggrieved" and had standing to raise the constitutional issue as to the legality of the search.

In the Jones case, the Court referred to Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332, and held that a claim under 18 U.S.C., section 3109, depends upon the particular circumstances surrounding the execution of the warrant. In other words, each case must be determined upon the facts and circumstances surrounding the search and arrest.

The government now contends that, conceding appellant's right to raise the constitutional question, the District Court should be permitted to re-examine the issue in the light of the Jones case. It claims that the case should be remanded to the District Judge and that it be given an opportunity to present further evidence if such evidence is available and competent.

Rule 41(e) provides, "The judge shall receive evidence on any issue of fact necessary to the decision of the motion." We are of the opinion the case should be remanded to the District Court, as was done in the Jones case, to redetermine the motion to suppress evidence.

It is so ordered.