Vast Voorhis, J.
The defendant has been convicted of possessing, with intent to sell, obscene, lewd and lascivious motion picture films in violation of section 1141 (subd. 1) of the Penal Law. A warrant was issued authorizing the search of his premises upon the affidavit of a police officer reciting that he had knowledge that information was given to the commanding officer of the vice squad by an FBI agent that defendant was engaged in the production of pornographic motion picture films, that he was advised by Lieutenant Leary of the State Police that a *38 State Police investigation established that defendant possessed master reels needed to produce copies, and that telephone conversations concerning films were intercepted. Upon execution of the search warrant, reels of film were found in the defendant’s home. After a hearing, defendant’s motion to suppress under section 813-c of the Code of Criminal Procedure was denied.
Justice Shapiro dissented from the Appellate Term affirmance upon the ground that the description of the property to be seized under the search warrant was general, vague and conclusory and, therefore, did not meet the constitutional test requiring specific description, and that thus the police were permitted to form and impose their own individual standards of judgment concerning whether the material was within the constitutionally protected area of freedom of speech and expression.
The search warrant, in terms, authorized a search on appellant’s premises for and a seizure of “ obscene, indecent and hard core pornographic ’ pictures, photographs and motion picture films ’ ’. This language does not save the warrant from the fate that befell the search warrant in People v. Matherson (16 N Y 2d 509) which purported to authorize a search for “indecent books and material.” It is not in compliance with the requirement of the Fourth Amendment to the United States Constitution that the warrant shall “particularly” describe the “ persons or things to be seized.” The basic defect is that the language of the warrant delegates to the police officer executing it the function of determining whether the material is obscene. One of the most serious problems in the enforcement of section 1141 of the Penal Law, and similar statutes throughout the country, has been that the confines of what is permitted as free speech under the First Amendment to the United States Constitution cannot be left to the determination of police chiefs and patrolmen everywhere. The United States Supreme Court has ruled that the application of the First Amendment presents a matter of constitutional law, and numerous books, films and pictures have been considered by the Supreme Court to determine whether they are obscene. It would simplify the administration of the law if that whole function could be delegated to the discretion of law enforcement officers in the locality involved, but if that were done there would be as many different standards of what constitutes obscenity as there are policemen. It *39 is acknowledged to be difficult even for the Supreme Court to draw the line on whether a book or picture is obscene (Jacobellis v. Ohio, 378 U. S. 184, 187), but the power and duty of making that determination is conferred upon the courts rather than upon the police (Marcus v. Search Warrant, 367 U. S. 717, 722).
In urging an affirmance of the judgment of conviction, the People are aware of this difficulty and sought to distinguish the Matherson case upon the ground that its phraseology £ £ indecent books and material ” is more vague than ££ hard core pornography ” (People v. Richmond County News, 9 N Y 2d 578). The specifying of ££ hard core pornography ” is. not enough to define specifically in a search warrant what the police are to look for and seize.
The judgment of conviction should be reversed and a new trial ordered by reason of the incorrect denial of the motion to suppress the articles seized under the search warrant (Code Crim. Pro., § 813-c), and the order denying said motion should be reversed and the motion granted.