UNITED STATES of America,
Plaintiff-Appellee,

v.

Marvin MILLER et al., Defendants-
Appellants.

No. 71–1850.

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1974.

Harvey Giss, of Isman & Giss (argued), Los Angeles, Cal., for defendants-appellants.

Brian J. O'Neill, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, KOELSCH and CARTER, Circuit Judges.

## OPINION

PER CURIAM:

The Supreme Court, on June 25, 1973, vacated the judgment in the above case and remanded it to this court for reconsideration. 413 U.S. 913, 93 S.Ct. 3030, 37 L.Ed.2d 1022.

We reaffirm the convictions and adopt our previously reported opinion in 455 F.2d 899, on the authority of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) and Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

The materials in question are clearly obscene. If they were obscene under the old definition set forth in Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), it follows that they were obscene under the new broader definition of obscenity set forth in Miller v. California, *supra.*

The defendants' contention that 18 U.S.C. § 1461 (mailing obscene matter) is void for vagueness was decisively rejected in *Hamling, supra,* 418 U.S. at 16–118, 94 S.Ct. at 2908. The question of whether a local or a national standard should be applied in this federal prosecution was not raised below or on appeal. Expert testimony was introduced by the Government to the effect that the content of the picture magazines and the books appeals to a prurient interest and that the books contained no social redeeming value. The testimony did not indicate whether it was based on a local or a national standard.

In *Hamling, supra,* the Supreme Court rejected the position of the First Circuit (*see, e. g.,* United States v. Pal-

ladino, 490 F.2d 499 (1973)) that a national standard must be applied in federal obscenity prosecutions. To the contrary the Court accepted the use of "contemporary community standards" without defining the geographical limits of that community.

*Miller, supra,* and *Hamling, supra,* having resolved all of defendants' contentions on appeal against them, their convictions are reaffirmed.