**UNITED STATES of America, Appellee,**

v.

**Thomas Venest HENSON, aka Tom Vinnie Henson, and George Victor Abisalih, aka George Abbey, dba "Associated Theaters of Texas", Appellants.**

**No. 73-2063.**

United States Court of Appeals, Ninth Circuit.

March 3, 1975.

David M. Brown (argued), Fleishman, McDaniel, Brown & Weston, Hollywood, Cal., for appellants.

Robert C. Bonner, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

## OPINION

On Petition for Rehearing

Before ELY and GOODWIN, Circuit Judges, and MURRAY,* District Judge.

ELY, Circuit Judge:

In an indictment filed on January 10, 1973, the appellants were charged with having transported allegedly obscene films in interstate commerce, a violation of 18 U.S.C. § 1462. The appellants were tried before a jury and convicted shortly before the Supreme Court announced its opinions in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and United States v. 12 200-ft. Reels of Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973).

In our original opinion in this case, filed on October 5, 1973, and reported in slip opinion form only, we vacated the appellants' convictions and remanded the case to the District Court for reconsideration in the light of Miller v. California and its companion cases. We now va-

cate and withdraw our opinion of October 5, 1973. The Government's Petition for Rehearing, addressed to our original opinion, is granted so as to enable us to consider the impact on this appeal of Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), United States v. Dachsteiner, 518 F.2d 20 (9th Cir. 1974), and United States v. Miller, 505 F.2d 1247 (9th Cir. 1974).

■ The single question now presented is whether the trial judge committed prejudicial error in instructing the jury to decide the question of obscenity, *vel non,* by applying a "national standard"[1] of sexual candor, rather than the "contemporary community standard" required by Miller v. California.[2] The court's instruction was as follows:

"The second test to be applied, in determining whether a given picture is obscene, is whether the appeal to the prurient interest violates, or goes substantially beyond, what is permissible according to the current standards of the community as a whole. By community I mean the 50 states constituting the United States at the present time. When we talk about the community as a whole we are talking about the United States, the 50 states."

■ Under Hamling and Dachsteiner, *supra,* the court's instruction constituted error. Nevertheless, Hamling and Dachsteiner make clear that the appellants' convictions are not to be reversed unless, when viewed in the context of all the evidence in the trial and the court's instructions as a whole, the erroneous instruction appears to have been prejudicial. Having carefully reviewed the tes-

---

* Honorable William D. Murray, Senior United States District Judge for the District of Montana, sitting by designation.

1. The pre-Miller v. California "national standard" was derived from, *inter alia,* Manual Enterprises, Inc. v. Day, 370 U.S. 478, 488, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962) (Opinion of Harlan, J.).

2. Although initially there was some doubt, Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), establishes that the "contemporary community standards" test of Miller v. California applies in federal, as well as state, obscenity prosecutions. United States v. Miller, 505 F.2d 1247 (9th Cir. 1974).

timony and the court's instructions in their entirety, we conclude that the erroneous instruction quite likely affected the jury's deliberations and that, therefore, prejudice to the appellants has been shown.

At trial, the Government introduced the expert testimony of Homer E. Young, formerly an FBI agent and then Director of the Administration of Justice Department at California Lutheran College. Young relied on his experiences while investigating obscenity cases in Phoenix; Pecos and Houston, Texas; Norwood, Louisiana; Jacksonville, Florida; Atlanta; Baltimore; Philadelphia; New York City; Grand Rapids; Seattle; Reno; Las Vegas; and Oklahoma City in testifying about the degree of sexual candor condoned by the "national standard." Over defense objection, the witness gave his opinion that the films in question ". . . substantially exceed[ed] the acceptable limits of candor for dealing with sexual matters, using the standards established by . . . the *national* community." [Emphasis added.] Young testified further that in his opinion, the contemporary standards in California were very different from those of the national community. In the remainder of his testimony, he sought to discredit, as inapplicable to any attempt to ascertain national mores, a survey of sexual attitudes taken primarily in Southern California and relied on in earlier testimony for the defense.

We think it obvious that through Young's testimony, the Government was seeking to focus the jury's attention on a hypothetical "national standard" which, in the Government's view, likely would tolerate *less* sexual candor than the attitudes prevailing in Southern California, or in the State of California as a whole. This prosecutorial attempt to separate and differentiate a "national standard" from the defense testimony concerning the attitudes of Californians and the jurors' experiences in the Los Angeles community distinguishes the instant case from *Hamling, Dachsteiner,* and United States v. Miller, 505 F.2d 1247 (9th Cir. 1974). The opinions in those cases specifically note that the prosecution presented no testimony tending to show that the "national standard" was different from the standard in the area from which the jurors were drawn. The sole use in those cases of any geographically-oriented "standard" of sexual explicitness was ". . . to assure that the material [was] judged neither on the basis of each juror's personal opinion, or by its effect on a particularly sensitive or insensitive person or group." Hamling v. United States, *supra* at page 107, 94 S.Ct. at 2902, 41 L.Ed.2d at 614–15. As we have shown, the Government sought to give the "national standard" a different role here.

Of course we express no opinion as to whether the "contemporary community standard" of California, or any portion of the State (whatever is the relevant "community"), would tolerate more sexual explicitness than would a "national standard," if such could be ascertained. We hold only that since in the appellants' trial, the Government may have succeeded in its attempt to convince the jury that Californians would permit more sexual candor than would Americans as a whole, the appellants are entitled to a new trial.[3]

Reversed and remanded.

---

**3.** If the Government elects to retry the appellants, the appellants will be entitled to whatever *benefits* they may derive from the definition of obscenity established by Miller v. California; otherwise, the jury instructions must conform to the definition of obscenity as it existed when the appellants committed the acts with which they are charged. United States v. Jacobs, —— F.2d —— (9th Cir. 1974).