UNITED STATES of America,
Plaintiff-Appellee,

v.

Shirley Anne DANLEY, aka Ginger
Cardwell, and Terry Lee Meidel,
Defendants-Appellants.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy Earl OSWALT, aka Jimmy Collins,
Defendant-Appellant.

Nos. 75–1789, 75–1948.

United States Court of Appeals,
Ninth Circuit.

Sept. 19, 1975.

Certiorari Denied Feb. 23, 1976.
See 96 S.Ct. 1143.

Howard R. Longergan (argued), Port-
land, Or., for defendants-appellants.

Donald B. Nicholson, Atty., Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

## OPINION

Before KOELSCH and TRASK, Circuit Judges, and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge:

Defendants were charged with violations of 18 U.S.C. §§ 1462 and 1465 relating to obscenity, and with conspiracy to violate those sections. They were tried by the court and found guilty. The facts were stipulated, reserving only the question of whether the materials described in the indictment were obscene.

The trial court expressly found that the materials were obscene under the rule of *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and even under the stricter rule announced by the plurality in *Memoirs v. Massachusetts*, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966). The questions presented by the appeal are whether, in view of the state of Oregon law at the time of the offenses it was permissible for the court to find that the material affronted contemporary community standards and whether the fines levied were excessive.

The then Oregon law did forbid the furnishing, sending, or displaying of obscene materials to minors and did forbid the use of nudity or sex in advertising (Oregon Laws ch. 743, §§ 255–262a (1971)), but did not forbid the sale and distribution of obscene materials to adults. Defendants urge that these laws fixed the community standard for Oregon and that the Oregon standard controls.

The trial court concluded that the fact pornographic material was available because of the relaxation of criminal statutes in Oregon did not make that pornography acceptable according to contemporary community standards. The trial court objectively considered standards in the State of Oregon and in the states in which there were recipients of the materials transported and found that the average person, applying contemporary community standards, would find that those matters appealed to the prurient interest.

■ We deal with a federal law which neither incorporates nor depends upon the laws of the states. *United States v. Hill*, 500 F.2d 733 (5th Cir. 1974). Rather, the federal law depends for its constitutionality upon definitions incorporating community standards. Community standards are aggregates of the attitudes of average people—people who are neither "particularly susceptible or sensitive . . . or indeed . . . totally insensitive." *Miller v. California, supra*, 413 U.S. at 33, 93 S.Ct. at 2620. The fact that a law of a state permits a given kind of conduct does not necessarily mean that the people within that state approve of the permitted conduct. Whether they do is a question of fact to be resolved by the trial court, and in this case the trial court did resolve it.

■ In judging the community standard, the court, dealing as it was with laws regulating the mails and interstate commerce, properly considered the community as embracing more than the State of Oregon. While under *Miller v. California, supra*, taken in conjunction with *United States v. 12 200-Ft. Reels of Super 8 MM. Film*, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973), it is permissible in federal prosecution to define the state as a community, it is clear from *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), that consideration may be given to standards without the state. *United States v. Harding*, 507 F.2d 294 (10th Cir. 1974), *cert. denied*, 420 U.S. 997, 95 S.Ct. 1437, 43 L.Ed.2d 679 (1975); *United States v. Miller*, 505 F.2d 1247 (9th Cir. 1974).

■ Appellants Danley and Meidel assert that the $15,000 fines imposed

---

* The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.

against them were excessive under the eighth amendment. The court could have fined Danley $65,000.00 and Meidel $40,000.00. The trial court has a wide discretion in the imposition of sentences (*United States v. Kohlberg*, 472 F.2d 1189 (9th Cir. 1973)), and we are unable to say that there was an abuse of it.

The judgments of conviction are affirmed.