No. 75–236. KUTLER *v.* UNITED STATES. C. A. 3d Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view, stated in previous opinions by himself [1] and by Mr. Justice Black,[2] that any federal ban on, or regulation of, obscenity abridges freedom of speech and of the press contrary to the First Amendment, would grant certiorari and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner was convicted in the United States District Court for the Western District of Pennsylvania of shipping obscene films by common carrier in interstate commerce in violation of 18 U. S. C. § 1462, and of conspiracy to violate § 1462 and to transport the films in interstate commerce for the purpose of sale or distribution in violation of 18 U. S. C. § 1465. Section 1462 provides in pertinent part:

"Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—

"(a) any obscene, lewd, lascivious, or filthy book,

---

[1] *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123, 130–138 (1973) (dissenting); *Ginzburg* v. *United States,* 383 U. S. 463, 491–492 (1966) (dissenting); *Roth* v. *United States,* 354 U. S. 476, 508–514 (1957) (dissenting).

[2] *Ginzburg* v. *United States, supra,* at 476 (dissenting).

pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character; . . .

.     .     .     .     .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

The Court of Appeals for the Third Circuit affirmed the convictions. 517 F. 2d 1400.

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the Third Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.