No. 75–566. DANLEY, AKA CARDWELL, ET AL. *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied. 

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the United States District Court for the District of Oregon of use of the mails to ship obscene materials in violation of 18 U. S. C. § 1461, of interstate transportation of obscene materials in violation of 18 U. S. C. § 1462, and of interstate transportation of obscene materials for purposes of distribution and sale in violation of 18 U. S. C. § 1465. The Court of Appeals for the Ninth Circuit affirmed. 523 F. 2d 369 (1975).

Title 18 U. S. C. § 1461 provides in pertinent part:

> "Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance; . . .
>
> . . . . .
>
> "Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.
>
> "Whoever knowingly uses the mails for the mailing . . . of anything declared by this section . . . to be nonmailable . . . shall be fined not more than $5,000 or imprisoned not more than five years . . . ."

Title 18 U. S. C. § 1462 provides in pertinent part:

> "Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other com-

mon carrier, for carriage in interstate or foreign commerce—

"(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character; . . .

. . . . .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

Title 18 U. S. C. § 1465 provides in pertinent part:

"Whoever knowingly transports in interstate or foreign commerce for the purpose of sale or distribution any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to §§ 1461 and 1465, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and,

since the judgment of the Court of Appeals for the Ninth Circuit was rendered after *Orito,* reverse.

I also note that in *Hamling* v. *United States,* 418 U. S. 87 (1974), this Court held that federal obscenity prosecutions did not require proof of a uniform national standard of obscenity and that a juror sitting on a federal obscenity case was permitted to draw on the knowledge of the community from which he came "in deciding what conclusion 'the average person, applying contemporary community standards' would reach in a given case." *Id.,* at 105. Here, however, the State of Oregon, at the time of petitioners' trial, had no policy prohibiting the distribution of obscene materials, unless minors were involved. This case, therefore, raises the important question whether a uniform national standard should be applied in this circumstance. Decision of that question certainly merits plenary consideration and oral argument.

In these circumstances, I have no occasion to consider whether the other question presented by petitioners merits plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).