No. 77–790. TEAL *v.* GEORGIA. Appeal from Ct. App. Ga. dismissed for want of substantial federal question. 

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

Appellant, Warren Teal, appeals from a judgment of the Georgia Court of Appeals which affirmed his conviction on a one-count accusation framed under the Georgia obscenity statute, Ga. Code § 26–2101 (1975). On August 29, 1975, two Atlanta area law enforcement officers bought a magazine, Piece Meal, from appellant, an employee of the Ponce de Leon Adult Book Store, and immediately arrested appellant and seized various items alleged to be devices "designed or marketed as useful primarily for the stimulation of human genital organs." § 26–2101 (c). After attempting unsuccessfully to have the seized material suppressed, appellant was convicted by a jury of selling the magazine and possessing the devices and was sentenced to 12 months in jail and a $5,000 fine.

_____

In this Court, appellant presents constitutional questions identical to those in *Sewell* v. *Georgia, ante,* p. 982, which are set out in my dissent there. For the reasons stated in that dissent, I would set this case for argument on the scienter and void-for-vagueness issues.*

MR. JUSTICE STEWART, dissenting.

This case is in all relevant respects identical to *Sewell* v. *Georgia, ante,* p. 982. For the reasons stated in my dissenting opinion in that case, I would reverse the judgment of the Georgia Court of Appeals, or alternatively, note probable jurisdiction and hear argument on the scienter issue.

---

*A review of the record in this case shows that, as in *Sewell* v. *Georgia, ante,* p. 982 (BRENNAN, J., dissenting), the scienter requirement does not save Ga. Code § 26–2101 (c) (1975) from vagueness. Although a police officer testified here that, in the course of viewing adult movies, he had seen some of the devices used to stimulate human genitals and, in addition, that he had seen a catalog which marketed the devices for such a/use, there was no showing that appellant had seen or should have seen the indicated movies or that appellant was familiar with any such catalog. Indeed, the trial judge refused to admit the catalog into evidence because it had no relation to the constructive scienter issue. Thus the conclusion that the seized devices were "useful primarily for the stimulation of human genital organs," here as in *Sewell,* was reached solely from an inference to be drawn from the shape of the devices and the arresting officers' guesses and assumptions.