No. 77–915. ROBINSON *v.* GEORGIA. Appeal from Ct. App. Ga. Judgment vacated and case remanded for further consideration in light of *Ballew* v. *Georgia, ante,* p. 223.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

Appellant, Ernest H. Robinson, appeals from a judgment of the Georgia Court of Appeals which affirmed his conviction on a one-count accusation framed under the Georgia obscenity statute, Ga. Code § 26–2101 (1975). As in *Sewell* v. *Georgia, ante,* p. 982, and *Teal* v. *Georgia, ante,* p. 989, appellant was an employee in an adult book store and was arrested for selling an allegedly obscene magazine to an Atlanta police officer. Immediately after the arrest, the police seized various devices thought to be "designed or marketed as useful primarily for the stimulation of human genital, organs." § 26–2101 (c). After attempting unsuccessfully to have the seized material suppressed, appellant was convicted by a five-person jury of selling the magazine and possessing the devices and was sentenced to 12 months in jail and a $1,000 fine.

In this Court, appellant presents constitutional questions identical to those in *Sewell* v. *Georgia, supra,* and, in addition, alleges that a jury composed of only five persons is constitutionally deficient. Although I agree that appellant's conviction by a five-person jury cannot stand, see *Ballew* v. *Georgia, ante,* p. 223, I would nonetheless set the case for argument on the scienter and void-for-vagueness issues, see *Sewell* v. *Georgia, ante,.* p. 982 (BRENNAN, J., dissenting), since a reversal on either of those grounds might bar a retrial, whereas Georgia is free under the Court's remand order to put appel-

lant to another trial under a statute that may well be unconstitutional.

MR. JUSTICE STEWART, dissenting.

This case is in all relevant respects identical to *Sewell* v. *Georgia, ante,* p. 982. For the reasons stated in my dissenting opinion in that case, I would reverse the judgment of the Georgia Court of Appeals, or, alternatively, note probable jurisdiction and hear argument on the scienter issue.