No. 77–1196. SHERWIN ET AL. *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the United States District Court for the Central District of California of multiple counts of knowingly transporting allegedly obscene materials in interstate commerce by common carrier in violation of 18 U. S. C. §§ 1462[1] and 1465[2] (1976 ed.). Although it overturned convictions on some counts, the Court of Appeals for the Ninth Circuit affirmed petitioners' convictions on three counts and also petitioner Sherwin's conviction for conspiracy under 18 U. S. C. § 371 (1976 ed.).

Petitioners ask this Court to consider whether "a standard of *scienter* which authorizes obscenity convictions on mere knowledge of the 'sexual orientation' of material impermissibly chill[s] the dissemination of expression protected under the First Amendment of the United States Constitution." Pet. for Cert. 2. This question is much the same as that presented in *Ballew* v. *Georgia*, 435 U. S. 223 (1978), *Sewell* v.

---

[1] "Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—

"(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character . . .

.          .          .          .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both . . . ."

[2] "Whoever knowingly transports in interstate or foreign commerce for the purpose of sale or distribution any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

*Georgia,* 435 U. S. 982 (1978), *Robinson* v. *Georgia,* 435 U. S. 991 (1978), and *Teal* v. *Georgia,* 435 U. S. 989 (1978). For the reasons stated in my dissent from denial of certiorari in *Sewell, supra,* at 982, I would hear oral argument on this issue. Barring this, I would summarily reverse petitioners' convictions. See, *e. g., United States* v. *Orito,* 413 U. S. 139, 147 (1973) (BRENNAN, J., dissenting); *Christian* v. *United States,* 432 U. S. 910 (1977) (BRENNAN, J., dissenting from denial of certiorari); *Danley* v. *United States,* 424 U. S. 929 (1976) (same); *Kutler* v. *United States,* 423 U. S. 959 (1975) (same).