OPINION OF THE COURT
Wachtler, J.
This appeal presents the question as to whether a determination of probable cause requisite to the issuance of a warrant may be delegated in part to someone other than the issuing Magistrate.
The essential facts are not in dispute.
On September 10, 1975 State Police applied to the Depew Village Justice for a warrant authorizing a search of premises and a van owned by Imperial News Co., Inc., and the seizure of business records and certain magazines alleged to be obscene.
The affidavits of two Rochester policemen supporting the warrant application described their observations of the delivery of cardboard boxes — presumably containing magazines — to various locations in Rochester from a van owned by Imperial News, as well as the purchase by an officer of three magazines from among those presumably delivered by Imperial News.
One of the affidavits stated that two different Judges of the Rochester City Court "did find probable cause that the material, contained in [each of two separate magazines] was obscene” and that a Judge of the Buffalo City Court had drawn a similar conclusion of obscenity with respect to the third magazine. Neither copies of the magazines, nor certificates from the three Judges as to their findings, were attached to the warrant application.
Based on the police affidavits, the Depew Village Justice issued a warrant authorizing seizure of four named magazines, and related business records. The police, accompanied by the Village Justice, then conducted a raid of the Imperial News *94 Co. premises in Depew and seized three copies of each of the four magazines named in the warrant, as well as miscellaneous notebooks and business records recording dealings with magazine outlets in Rochester.
In addition, apparently relying on an on-the-scene determination by the Village Justice, police seized one copy of each of 71 other magazines, two films which they "viewed” and "various” others which they did not as well as "Numerous other magazines too much time to look through” [sic]. The police also are alleged to have rummaged through a private office on the premises and to have photographed other papers having no relation to the matter at hand.
Based on the seized material, the defendant was charged with obscenity in the first degree (Penal Law, § 235.06), a class D felony. The defendant’s motion to suppress the material seized was granted on the ground that the warrant procedure and the entire search were invalid. The Appellate Division affirmed, without opinion. The People now appeal contending that no rule of law or policy prohibits a bifurcated determination of probable cause.
With its origins in the Colonials’ abhorrence of the general warrant and writ of assistance, the warrant requirement of the State and Federal Constitutions was designed to interpose "the detached and independent judgment of a neutral Magistrate” between police officers and citizenry (People v Hanlon, 36 NY2d 549, 558; see, also, United States v Lefkowitz, 285 US 452, 464). The issuing Magistrate must also be capable of determining whether probable cause exists (Shadwick v City of Tampa, 407 US 345).
It is clear that the issuing Magistrate himself, if he is to fulfill the constitutionally mandated function of interposing an independent intelligence between the law enforcement officer and the citizen, must actually and in fact, draw the inferences from the evidence presented to him. It is for this reason the courts have insisted that the full facts from which inferences might be drawn, and information necessary to determine their reliability, be placed before the issuing Magistrate (Aguilar v Texas, 378 US 108), and that the language of the warrant issued not be so broad as to impermissibly delegate to the executing officer the determination of whether a particular publication is obscene (People v Rothenberg, 20 NY2d 35). As this court noted in People v Hanlon (supra), where the Magistrate conducts a measured and comprehen *95 sive examination into the basis for the warrant, the factual determination as to probable cause will be given substantial deference on review. By the same token, where the Magistrate merely acts as a rubber stamp, the validity of the warrant will be suspect.
In accepting the police officer’s statement that other Judges had concluded that the named magazines were probably obscene, the issuing Magistrate made no attempt to learn whether the entire publication or merely a portion of each had been reviewed. He failed to test the manner in which the absentee Judges reached their conclusions, to learn who presented the materials and how, or even to discover whether the purpose of the purported determinations was known to the Judges passing on the materials.
The cursory nature of the issuing Magistrate’s inquiry is demonstrated by the fact that he demanded no independent evidence of the findings made by the other Judges, if any. Indeed, the record indicates that the very identity of one of the absentee Judges was unknown to the issuing Magistrate.
Even if the issuing Magistrate had made such inquiries the warrant would fail because he did not personally exercise his own faculties to draw whatever inferences were permissible from the facts presented to him. Where the issue is as fundamental and sensitive as whether the police shall be permitted to rummage through one’s home and personal effects, or to make an arrest, it is clearly desirable that the person who possesses the authority be answerable for its exercise. Putting the reins in a single pair of hands should also tend to minimize mistakes of oversight of the type demonstrated by this case, where one magazine was named in the warrant for seizure although it apparently had never been reviewed by any Judge anywhere.
It follows from these principles that the fundamental requirement that a neutral and detached Magistrate make an independent determination of probable cause is not fulfilled unless the issuing Magistrate himself conducts a full and searching inquiry into the facts on which the warrant application is based. The obligation is one which may not be delegated, in part or in whole, regardless of the qualifications of the person on whom reliance is placed. Thus it would be improper to share the required determination even with another Judge of the same jurisdiction who, if application was *96 properly made, would be equally empowered to issue the warrant sought.
We conclude that because in the case at bar the Justice failed to personally conduct the searching inquiry necessary to a proper determination of probable cause the warrant issued was invalid, all the materials seized were properly suppressed,* and the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order affirmed.

 Because we find the issuance of the warrant illegal, everything which flows from it is tainted. Therefore, we do not have occasion to consider the seizure by the on-the-spot direction or authorization of the Village Justice of volumes of material not listed in the warrant. See Marcus v Search Warrant (367 US 717) and Huckle v Money (2 Wilson 205, 207 KB [1763], 95 Eng Rep 768: "To enter a man’s house by virtue of a nameless warrant, in order to procure evidence, is worse than the Spanish Inquisition; a law under which no Englishman would wish to live an hour; it was a most daring public attack made upon the liberty of a subject”). Nor does the mere fact that the Magistrate joined the police validate the otherwise invalid warrant (Lo-Ji Sales v New York, 442 US 319).