**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert L. BENNETT,
Defendant-Appellant.**

**No. 636, Docket 82–1280.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 16, 1982.

Decided June 13, 1983.

Robert B. Shaad, Watertown, N.Y., for defendant-appellant.

Paula Ryan Conan, Asst. U.S. Atty., Syracuse, N.Y. (Frederick J. Scullin, U.S. Atty., N.D.N.Y., Syracuse, N.Y., of counsel), for plaintiff-appellee.

Before OAKES, VAN GRAAFEILAND and MESKILL, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Robert L. Bennett appeals from a judgment of the United States District Court for the Northern District of New York convicting him of violating the National Firearms Act of 1968, 82 Stat. 1227, after a jury trial before Chief Judge Howard G. Munson. We find no ground for reversal in the present record. However, we find it necessary to remand the case to the district court so that it may make a more complete record and findings in connection with appellant's motion to suppress.

The single count of the indictment charged appellant with the knowing possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. The firearm was a shotgun with a barrel $15^{13}/_{16}$ inches long, almost three inches shorter than the minimum permissible length of 18 inches for a shotgun not registered in the National Firearms Registration and Transfer Record. The gun was seized by agents

of the Bureau of Alcohol, Tobacco, and Firearms (BATF) in a warrant-authorized search. Appellant contends that the warrant was based on information garnered through a previous illegal search and that evidence concerning the shotgun therefore should have been suppressed.

The BATF began its investigation of appellant after Peter Klop, a government informant and an acquaintance of appellant, told IRS agents that appellant possessed several illegal firearms, including a sawed-off shotgun that appellant kept under his bed. In early November, 1980, BATF Special Agent Richard Kelly, knowing that Klop was a frequent visitor at appellant's residence, asked Klop to photograph the shotgun. Agent Kelly previously had warned Klop not to search in any part of the premises to which he did not have "free access", and, at the time he asked Klop to take the photographs, he told Klop not to "do anything illegal".

Appellant lived in a two-story building owned by Mrs. Lois Parrish. The first floor of the building was occupied by Bobart Travel Agency, a business run by appellant and Mrs. Parrish. Appellant and Mrs. Parrish shared the master bedroom located on the second floor. On November 10, 1980, when Mrs. Parrish and appellant were out of the country, Klop entered the master bedroom, removed the shotgun from underneath the bed, and photographed it. The photos were turned over to Kelly ten days later.

Believing that the photos might be too old to justify the issuance of a warrant, Kelly did not apply for one until Klop reported to him that he had seen the weapon again. The warrant was granted on June 16, 1981, and, on the following day, BATF agents entered the premises and seized the shotgun. Following appellant's indictment and arraignment, he moved on Fourth Amendment grounds to suppress evidence related to the shotgun.

Appellant asserted that the photographs were the product of an illegal search, because neither he nor Mrs. Parrish had consented to Klop's presence in the bedroom when the photographs were taken. Appellant argued further that Agent Kelly relied on Klop's photographs for his averment in the warrant application that the shotgun had a barrel length of approximately 16 inches.

The district court found that, because the Government solicited Klop to photograph the shotgun and because Klop photographed the weapon at the Government's request, he was acting as an agent of the Government when the search was made. The district court concluded, however, that it need not decide whether Klop had permission to enter the bedroom, because, in its view, so long as no Government official knew or should have known that Klop entered the bedroom without consent, no Fourth Amendment violation occurred. Because the district court found that Agent Kelly believed Klop had permission to enter the bedroom, it refused to suppress evidence uncovered as a result of that entry. We believe that the refusal to suppress was not justified by the reasons thus expressed.

■ Although the surreptitious search of premises by a private party does not violate the Fourth Amendment, if, in conducting the search, the searcher is acting as an instrument or agent of the Government, there is a Fourth Amendment transgression. *United States v. Miller,* 688 F.2d 652, 656 (9th Cir.1982). However, "[a] private person cannot act unilaterally as an agent or instrument of the state; there must be some degree of governmental knowledge and acquiescence." *United States v. Sherwin,* 539 F.2d 1, 6 (9th Cir.1976) (en banc), *cert. denied,* 437 U.S. 909, 98 S.Ct. 3101, 57 L.Ed.2d 1140 (1978). *See United States v. Luciow,* 518 F.2d 298, 300 (8th Cir.1975); *Meister v. CIR,* 504 F.2d 505, 510 (3d Cir. 1974), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); *United States v. Valen,* 479 F.2d 467, 469–470 (3d Cir. 1973), *cert. denied,* 419 U.S. 901, 95 S.Ct. 185, 42 L.Ed.2d 147 (1974).

■ The Government's acquiescence in the instant case was limited in nature. The district court found that "the evidence plainly establishes that Agents Kelly and Sweeney instructed Klopp [sic] that his investigative efforts should be determined by the scope of his permitted access to parts of the residence." In view of this finding, we believe the district court first should have determined whether Klop had permission to go into appellant's bedroom before it decided whether Klop was acting as a government agent when he did so. If the district court had found that the entry was without permission, it then could have determined whether Klop so far exceeded the governmental guidelines as laid down by Agents Kelly and Sweeney that he had lost his status as an instrument of the Government when the challenged photographs were taken. *See United States v. Walther,* 652 F.2d 788, 792 (9th Cir.1981); *United States v. Stevens,* 601 F.2d 1075, 1079–80 (9th Cir.), *cert. denied,* 444 U.S. 917, 100 S.Ct. 232, 62 L.Ed.2d 172 (1979). We are going to remand so that the appropriate determinations may be made.

■ Appellant's remaining allegations of error are without merit. Whether the Government should have been permitted to reopen its case was a decision to be made in the sound discretion of the trial court. *United States v. Jones,* 480 F.2d 1135, 1137 (2d Cir.1973); *United States v. Batie,* 457 F.2d 927, 928–29 (5th Cir.1972). We find no abuse of discretion in the instant case.

The issues were strongly contested by counsel on both sides. However, we find nothing in the conduct of the prosecutor which deprived appellant of a fair trial. *See United States v. Armedo-Sarmiento,* 545 F.2d 785, 793–94 (2d Cir.1976), *cert. denied,* 430 U.S. 917, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977); *United States v. Stassi,* 544 F.2d 579, 583 (2d Cir.1976), *cert. denied,* 430 U.S. 907, 97 S.Ct. 1176, 51 L.Ed.2d 582 (1977).

■ Appellant's challenge to the constitutionality of 26 U.S.C. § 5845, the definitional section of the National Firearms Act, is frivolous. Appellant hardly could have been surprised to learn that possession of a sawed-off shotgun was not an innocent act. *See United States v. Freed,* 401 U.S. 601, 609, 91 S.Ct. 1112, 1118, 28 L.Ed.2d 356 (1971). Also frivolous is appellant's contention that the statute was charged incorrectly by the district court. *See United States v. Bogers,* 635 F.2d 749, 751 (8th Cir.1980). Appellant's remaining arguments do not merit comment.

The case is remanded to the district court with instructions (1) to conduct such further hearings in connection with appellant's motion to suppress as may be necessary for the district court to determine whether Klop's entry into appellant's bedroom was without the permission, express or implied, of appellant and, if it was, whether Klop was acting at the time as a government agent, (2) to make appropriate findings in this regard, and (3) to supplement the record on this appeal with the record of the additional proceedings and the district court's further findings. *See United States v. Seay,* 432 F.2d 395, 402 (5th Cir.1970); *United States v. Holt,* 306 F.2d 198, 199 (6th Cir.1962).