OPINION OF THE COURT
Donald J. Wisner, J.
The issue presented in this case is whether the applicant on a search warrant has a duty to inform the issuing magistrate of the fact that the informant providing the probable cause for the search warrant has previously given a contradictory version of the material facts.
The defendant in this case stands indicted for the crime of criminal possession of a controlled substance in the third degree. The police, in executing a search warrant on May 4,1984 at the defendant’s apartment at 685 West Main Street in the City of Rochester, discovered a quantity of cocaine. The probable cause for the search warrant was based almost entirely upon the sworn deposition of Gerald Benwitz. Benwitz had been arrested at the Monroe County Airport at approximately 8:00 a.m. on May 4, 1984 while attempting to ship a quantity of cocaine. During the course of his interrogation by members of the Sheriff’s Department, Benwitz told them two different versions of how he came into possession of the cocaine.[1]
*1044 In the first of those accounts, Benwitz said that a Mike Spline and a Mr. T. asked him to transport “the package” to California and gave him approximately $6,000 to do so. Benwitz claimed he knew Mike from seeing him at a Manpower Center. No address was given. He remembered only a partial phone number. Later a full phone number, 458-2815, was added. The application and papers submitted do not reveal what efforts deputies used to verify any details of this version.
In the second account given several hours later, Benwitz told the investigators he was given the cocaine by the defendant Windrum the day before at Windrum’s apartment, 685 West Main Street, in Rochester. Benwitz said the defendant gave him money to deliver to a white guy in Ontario, California, who would have him paged at the airport when he arrived. He related details about other recent drug transactions at Win-drum’s apartment.
Only the latter version inculpatory of the defendant Windrum was presented to the magistrate who issued the search warrant. Thus, the magistrate was not presented with statements relevant to the informant’s credibility and to the probable cause to believe drugs would be at Windrum’s apartment.
No other issues have been raised as to the sufficiency of the search warrant application.
In People v Cadby (62 AD2d 52), an informant, who was previously unknown to the police, upon arrest gave two clearly contradictory statements. Only one of them implicated the defendants therein as the source of his drugs. Cadby involved a search without a warrant. The court’s analysis in that case focused on the probable cause furnished by the informant and applied the two-pronged test of Aguilar v Texas (378 US 108) and Spinelli v United States (393 US 410).[2]
In Cadby (supra) the court stated that the issue was “whether, knowing that the informant had told two contradictory stories about the same transaction, one could reasonably conclude on the basis of one of them that the law was being violated on the premises to be searched.” (People v Cadby, supra, pp 57-58.) There, the court concluded that there was no objective basis to credit one of the two conflicting statements over the other, *1045 although acknowledging circumstances may exist where the police could do so.
The problem here is that the issuing magistrate who had the duty of making an independent and detached judgment of whether probable cause existed never was informed of the other version. As the Court of Appeals said in People v Potwora (48 NY2d 91, 94), “It is clear that the issuing Magistrate himself, if he is to fulfill the constitutionally mandated function of interposing an independent intelligence between the law enforcement officer and the citizen, must actually and in fact, draw the inferences from the evidence presented to him.” Without the full facts, this is not possible. The first rule, then, is to disclose to the magistrate significant information bearing on probable cause.
Of course, not every contrary fact or bit of information not presented to the issuing magistrate should lead to suppression. The People need not disclose their whole case. Further, many details are cumulative, insignificant, or only remotely relevant. In this case, however, the contradictory information not presented went to the heart of the probable cause.
It is common experience that those caught try to talk their way out of trouble. Usually their stories gradually break down under skillful interrogation which calls attention to inconsistencies or known evidence. Strange indeed would it be if a criminal caught with his hand in the cookie jar wouldn’t immediately try to deny it. Thus, the second rule is, in analyzing probable cause, some credit must be given to the judgment of the seasoned police interrogator based upon his questioning of the informant and any verification data. Here, there is no basis in the application before the magistrate to credit one version over another based upon the expertise of the police officer or independent verification. The application not only fails to set forth the other version; there were no observations made tending to verify the version inculpatory of the defendant Windrum.
The investigators, in drawing a supporting deposition for the search warrant application, retyped the final version of defendant’s statement. In the retyped version, the only significant omissions are the words, “I have given two other statements regarding being caught with cocaine,” and “I lied on my other two statements and I want to tell the entire truth.”
In excising the reference to the prior contradictory statements, the investigators undoubtedly were presenting just the information they had supporting probable cause. While it is likely this was done in good faith, in doing so they usurped the magistrate’s duty to make an independent determination of *1046 probable cause, a duty that cannot be delegated. (People v Potwora, supra.) Had the reference to the prior statements been left in, the magistrate would have inquired as to that statement and such inquiry could have saved the warrant. The third rule, then, is that deliberate exclusion of material information tending to negate probable cause will usually lead to suppression.
No New York cases have been found on point. The courts of California, however, have developed a substantial body of case law. (People v Kurland, 28 Cal 3d 376, 618 P2d 213 [1980]; People v Easley, 33 Cal 3d 65, 34 Cal 3d 858, 654 P2d 1272, 671 P2d 813 [1982]; People v Goldberg, 161 Cal App 3d 170, 207 Cal Rptr 431 [1984].)
People v Kurland (supra) contains an extensive hair-splitting analysis of information omitted from search warrant applications. All of the analyses set forth in Kurland and the other cases are clearly against the spirit of Illinois v Gates (462 US 213), the recent United States Supreme Court case establishing “totality of circumstances” test or United States v Leon (468 US _, 104 S Ct 3405), establishing a “good faith” test. While, as indicated above, New York may not adopt the new Federal standards, it is hardly likely the New York courts will use the supertechnical distinctions adopted in the California cases. In any event, present New York case law will suffice.
This court is constrained to suppress the fruits of the search made pursuant to the warrant. Clearly, here the prior contradictory statement of the informant was significant information bearing on probable cause. It affected the probable cause adversely and was not merely cumulative or remotely relevant. Even giving credit to the skill of the interrogators, there simply is no basis for the magistrate to perform his function of independent evaluation of probable cause. Finally, all this is a direct result of an intentional omission of material information concerning both probable cause and the informant’s credibility.[3]
Accordingly, the defendant’s motion to suppress the warrant is granted.

. Both versions were reduced to written statements containing a form admonition regarding false statement. There was another statement made, *1044 but it merely amplified the first statement.

. Apparently Aguilar v Texas (378 US 108) is still the law in New York. (See, People v Elwell, 50 NY2d 231; People v Bigelow, 105 AD2d 1110.) In Bigelow, the Fourth Department specifically refused to apply the “totality of circumstances” test of Illinois v Gates (462 US 213) or the good-faith exception of United States v Leon (468 US_, 104 S Ct 3405).

. A similar situation is presented where an affiant who has obtained a warrant learns of new information that might alter a magistrate’s finding of probable cause. (United States v Dunnings, 425 F2d 836; United States v Morales, 568 F Supp 646 [EDNY 1983].)