15-2549-cr
United States v. Alcantara

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of December, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          v.                                                      15-2549-cr

DIGNA ALCANTARA, AKA Sealed Defendant 1,
AKA Hipolita Suarez,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Lawrence Gerzog, New York, NY.

Appearing for Appellee:      Damian Williams, Assistant United States Attorney (Michael Ferrara, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Digna Alcantara appeals from the judgment entered on August 7, 2015 in the United States District Court for the Southern District of New York (Swain, *J.*), convicting her of theft of government property, in violation of 18 U.S.C. § 641, and aggravated identity theft, in violation of 18 U.S.C. § 1028A, following a five-day jury trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

First, Alcantara argues that the district court erred in permitting the government to reopen its case following defense counsel's summation. We conclude that the district court did not so err. A district court "retains wide discretion to allow the government to re-open its case to correct errors or if some other compelling circumstance justifies a reopening and no substantial prejudice will occur." *United States v. Parkes*, 497 F.3d 220, 231 (2d Cir. 2007) (internal quotation marks, brackets, and citation omitted)). This Court reviews a district court's decision to reopen a case for abuse of discretion. *See United States v. Bennett*, 709 F.2d 803, 806 (2d Cir. 1983). A district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

Here, the district court did not abuse its discretion in permitting the government to reopen its case. Defense counsel expressed an intention to raise defenses (e.g., misidentification, third-party guilt) that would not contest Alcantara's intent to commit the charged crimes. During the defense summation, however, counsel argued that Alcantara was taken advantage of by other participants in the criminal scheme and suggested that Alcantara may have lacked the requisite intent to commit the charged crimes. By referring to Alcantara as a "patsy" and a "dupe," or as "fragile" and "paranoid," defense counsel's summation invited the jury to question whether Alcantara's mental illness affected whether she had the specific intent to steal government funds. Trial Tr. at 361:9-14, 375:11-376:6, United States v. Alcantara, No. 13-cr-00119 (S.D.N.Y. Feb. 24, 2015), ECF No. 57. In light of these statements, the district court did not abuse its discretion in reopening the case to permit the government to respond to a defense that it was told would not be raised. Moreover, the district court's determination that defense counsel's summation placed into issue defendant's knowledge and intent did not rest on an error of law or a clearly erroneous factual finding, and did not otherwise fall outside the range of permissible decisions. *See Zervos*, 252 F.3d at 169.

Second, Alcantara argues that the district court erred in admitting Alcantara's prior conviction for conspiracy to commit tax fraud. Under Federal Rule of Evidence 404(b), a court may admit evidence of a defendant's crimes, wrongs, or other acts for purposes other than proving the defendant's criminal propensity. *See* Fed. R. Evid. 404(b). "This Circuit has adopted

an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012) (quoting *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004)). This Court applies the inquiry in *Huddleston v. United States*, 485 U.S. 681, 691-91 (1988) in order "[t]o determine whether a district court properly admitted other act evidence." *Scott*, 677 F.3d at 79 (alteration in original) (quoting *LaFlam*, 369 F.3d at 156). Under that inquiry, "the reviewing court considers whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *Id.* (quoting *LaFlam*, 369 F.3d at 156). Although we "ordinarily review evidentiary rulings for abuse of discretion," because Alcantara failed to raise this objection at trial, "we review the admission of this evidence for plain error." *United States v. Pierce*, 785 F.3d 832, 840 (2d Cir. 2015).

We apply the *Huddleston* inquiry here. Under the first prong of the *Huddleston* inquiry, the government offered the prior conviction for a proper purpose: proving Alcantara's knowledge and intent. Fed. R. Evid. 404(b). Because of the similarities between Alcantara's prior conviction and the present facts—both involved the theft of Puerto Rican residents' identities to generate fraudulent tax refunds; both involved tax preparation businesses where Alcantara worked—Alcantara's prior experiences are probative of both her knowledge that it was unlawful to use another's means of identification to process fraudulent tax returns and her intent to use fake means of identification to steal government property. *Cf. United States v. Caputo*, 808 F.2d 963, 968 (2d Cir. 1987) (finding that defendants' ties to prior credit card schemes were probative of their intent in possessing credit card account numbers to commit access device fraud).

Under the second prong of the *Huddleston* inquiry, the prior conviction was relevant to a material issue in dispute: Alcantara's knowledge or intent to commit the charged offenses. As discussed above, defense counsel's summation placed these issues in dispute.

Under the third prong of the *Huddleston* inquiry, courts in this Circuit apply the balancing test of Federal Rule of Evidence 403 to determine whether the evidence's probative value is substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 403; *Scott*, 677 F.3d at 83. Here, although the district court did not conduct such a balancing analysis, this omission is understandable given that the parties agreed to admit evidence of the prior tax fraud conspiracy conviction by stipulation and defense counsel failed to object to the lack of an on-the-record balancing analysis.

Lastly, under the fourth prong of the *Huddleston* inquiry, the district court here provided an instruction intended to limit the prejudicial effect of Alcantara's prior conviction for conspiracy to commit tax fraud. That limiting instruction militates in favor of the admissibility of the prior conviction under Rule 404(b). *See, e.g.*, *United States v. Araujo*, 79 F.3d 7, 8 (2d Cir. 1996) (finding that the district court did not abuse its discretion in admitting other act evidence, "particularly in light of the instruction to the jury limiting its consideration of the evidence" to the permissible issues).

In sun, after applying these four prongs of the *Huddleston* inquiry to the present facts, we conclude that the district court did not err—at all, much less plainly—when it admitted Alcantara's prior conviction for conspiracy to commit tax fraud under Rule 404(b).

We have considered the remainder of Alcantara's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4