**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerail William BATIE, Defendant-Appellant.**

**No. 71-2388.**

United States Court of Appeals, Fifth Circuit.

April 4, 1972.

---

[1]. Plaintiff was incarcerated in the Florida State Prison on a conviction for issuing worthless checks.

---

Earl Gillian, Montgomery, Ala., for defendant-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest and David B. Byrne, Jr., Asst. U. S. Attys., Montgomery, Ala., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant was convicted of a violation of the Dyer Act, 18 U.S.C. § 2312, for transporting in interstate commerce a stolen 1968 Ford Galaxie. The automobile involved disappeared from a used

car lot in Texarkana, Texas, on October 13, 1970. It was recovered in Auburn, Alabama on October 16, 1970, from a road in front of appellant's cousin's home. Appellant, a soldier then AWOL from his post at Fort Benning, Georgia, was visiting his cousin at the time the vehicle was recovered. On October 25, 1970, appellant was interviewed by an FBI agent. After being advised of the nature of the investigation and of his rights, see Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant knowingly and voluntarily executed a waiver of rights form. Declining to make a statement, appellant, nevertheless, consented to answer the agent's questions. The agent's testimony at trial as to the content of appellant's answers provided the prosecution with the evidence making up its case in chief. The agent's recitation, however, produced an alleged statement that appellant had borrowed the car from a Corporal Wayne Loyd, stationed at Fort Benning. Appellant's alleged statement asserted that he had met Loyd while they were both in the Fort Benning stockade. The agent further testified that an FBI investigation had determined that Batie had not been confined in the Fort Benning stockade during the period in question. The prosecution adduced no further evidence at this point and rested.

After a defense motion for judgment of acquittal, the prosecution received permission to reopen its case for two purposes. First, to show that the record at Fort Benning did not disclose the existence of a Corporal Wayne Loyd and, secondly, to introduce a record of a recent conviction of a similar offense. Appellant asserts that this was error.

■ Although the appellant had rested before the reopening, the jury had not been charged, nor had it begun its deliberations. The question of permitting the Government to reopen its case in such circumstances is left to the sound discretion of the trial judge. Hale v. United States, 410 F.2d 147 (5th Cir., 1969). In the absence of a show-

ing of prejudice, appellant's assertions in this regard fail to rise above the requirements of F.R.Crim.P., Rule 52(a). The district court did not in this case abuse its discretion.

 Skillful appellate advocacy cannot prevail over the facts of the case. Batie put into issue his knowledge and intent when he, as the record amply demonstrates, voluntarily, knowingly and intelligently consented to answer the agent's questions. United States v. Montos, 421 F.2d 215 (5th Cir., 1970), cert. den. 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970).

The judgment of the district court is affirmed.