**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas Sidney ARD,**
**Defendant-Appellant.**

**No. 76–2935**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

**226**

D. Wayne Childress, Mobile, Ala. (Court-appointed), for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., E. T. Rolison, Jr., William R. Favre, Jr., Asst. U. S. Attys., Mobile, Ala., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In May, 1976, defendant, Thomas Sidney Ard, was indicted for three counts of mail fraud under 18 U.S.C. § 1341 by the United States Grand Jury for the Southern District of Alabama. At Ard's arraignment on June 3, 1976, he entered a plea of not guilty to all three counts in the indictment. On July 7, 1976, upon a jury finding Ard guilty of all three counts, the United States District Court for the Southern District of Alabama sentenced Ard under 18 U.S.C. § 4208(b), (c). Ard appeals from the judgment of conviction and subsequent sentence. We affirm.

Viewing the evidence in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the evidence adduced in the district court establishes the following. Ard procured coverage under two hospitalization insurance policies by completing application forms in a local newspaper and mailing the forms along with nominal premiums to the Physicians Mutual Insurance Company of Omaha, Nebraska, and the National Home Life Insurance Company of Valley Forge, Pennsylvania. After the companies issued the insurance policies, Ard filed and mailed two claims for coverage to Physicians Mutual and one claim to National Home Life. Both companies honored the claims by mailing drafts to Ard as payment for each claim.

The Administrator of the South Baldwin Hospital testified that according to the hospital's records, Ard had not been in the hospital as he had claimed during the periods in question. A physician associated with the hospital, who signed claim forms for patients, stated unequivocally that he did not sign the two claims bearing his signature and did not authorize anyone else to sign them for him. No testimony was introduced from the doctor whose signature appeared on the other claim application. A United States Postal Inspector testified that he obtained Ard's handwriting exemplars during an interview with him and an original set of his fingerprints from the Baldwin County Sheriff's office. The keeper of questioned documents from the Criminal Laboratory of the United States Postal Inspection Service testified that certain fingerprints on Ard's claim forms and drafts were his own and that Ard's handwriting on the exemplars was the same as the handwriting of the claimant on the claims forms and the endorser on the drafts.

At the close of the Government's case, Ard moved to exclude the Government's evidence and sought a motion for judgment of acquittal on the grounds that the Government had failed to establish a proper predicate for introduction of the handwriting exemplar allegedly taken from Ard because the postal inspector who testified as to this had not been specifically asked to identify Ard in court. Upon the Government's motion, the district court permitted it to reopen its case for this purpose. The postal inspector was recalled to the stand and identified Ard as the same person from whom he took the handwriting exemplars.

█ Ard's sole contention on appeal is that the district court abused its discretion when it permitted the Government to reopen its case and connect the handwriting exemplar with Ard. Although the Government had rested its case-in-chief, Ard had

not presented any evidence on his own behalf. The jury had not been charged, nor had it begun its deliberations. Permitting the Government to reopen its case in such circumstances is within the sound discretion of the district court. In the absence of a showing of prejudice, *United States v. Batie*, 457 F.2d 927, 928–29 (5th Cir. 1972), and when, as here, the Government's case is reopened to offer into evidence a fact inadvertently omitted, *Hale v. United State*, 410 F.2d 147 (5th Cir.), *cert. denied*, 396 U.S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969), Ard presents this court with "too small a pebble" to justify a holding that the district court abused its discretion in reopening for further testimony. *United States v. Suarez*, 487 F.2d 236, 238 (5th Cir. 1973), *cert. denied*, 415 U.S. 981, 94 S.Ct. 1572, 39 L.Ed.2d 878 (1974). The conviction is affirmed.

AFFIRMED.