IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 90-1347
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY WAYNE ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(October 21, 1992)

Before WILLIAMS, DAVIS and DUHÉ, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

The facts of this case are stated fully in our prior panel opinion, 933 F.2d 1261 (5th Cir. 1991). In short, Anderson and others were convicted of conspiring to burn a furniture warehouse/store and its contents in violation of 18 U.S.C. § 371 (1988), of maliciously committing the substantive crime in violation of 18 U.S.C. § 844(i) (1988), and of mail fraud in violation of 18 U.S.C. § 1341 (1988). We affirmed the convictions of the three co-defendants. But we found the record inadequate to evaluate under Fed. R. Evid. 404(b) the admission in evidence by the trial court of four prior instances of fires in Anderson's

business establishments. We remanded to the trial court for a full application of the requisite Beechum test, a two-step analysis that trial courts must conduct before admitting Rule 404(b) evidence. Under Beechum, the court must find that the evidence is relevant to an issue other than the defendant's character and that the probative value of the proffered evidence outweighs the risk of unfair prejudice. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

The district court did not make any specific rulings on relevancy or prejudice. Nor did the defendants request an on-the-record statement of the court's evaluation of the admission in evidence of the prior fires. But it is established that even when a defendant does not make such a request we will remand the case for Beechum analysis if the admissibility of the other offense evidence is a close question. Anderson, 933 F.2d at 1273. In Robinson, 700 F.2d at 213, we advised that we will remand the case "unless the factors upon which the probative value/prejudice evaluation were made are readily apparent from the record, and there is no substantial uncertainty about the correctness of the ruling." *See also* United States v. Moreno, 878 F.2d 817, 823 (5th Cir. 1988), *cert. denied*, 493 U.S. 979, 110 S.Ct. 508, 107 L.Ed.2d 510 (1989).

Accordingly, we instructed the trial court as follows:

First, after the government has stated its specific Rule 404(b) grounds for admissibility, the district court must determine the Rule 404(b) categories to which the evidence is relevant. Then the court must make a Rule 104(b) ruling as to whether jurors could reasonably conclude by a preponderance of the evidence that all four fires were the result of Anderson's arson. If the court holds that the evidence meets this first Beechum step as to relevancy, it then must decide whether the evidence's probative value is substantially outweighed by its prejudicial effect. If the court determines that the probative value was substantially outweighed, then the court must decide whether there is a reasonable possibility that the evidence affected the outcome of the case. In making this determination, the court should consider the effect of the jury instruction and the government's closing argument. If the court finds that the evidence improperly affected the outcome of the case, the court must order a new trial. If the court finds that the evidence did not improperly affect the outcome of the case, "[t]he trial judge shall certify to us his findings and conclusions. The record shall be supplemented by the on-the-record determination herein prescribed, and by any materials submitted by the parties to the district court. Following such filing, the clerk will set a schedule for supplementary briefing and the matter will be returned to this panel for disposition."

933 F.2d at 1237 (quoting United States v. Robinson, 700 F.2d 205, 214 n. 12 (5th Cir. 1983)).


In conformity with these instructions, the district court conducted a full evidentiary hearing and also received additional briefing on the issue of the admissibility of evidence of the prior fires. The court found that significant evidence supported the proposition that Anderson's arson caused the previous fires. First, government witness Gene Lindsey testified that Anderson admitted setting these earlier fires at his facilities and then using the insurance money to build a new manufacturing plant. Lindsey also testified that Anderson then showed him a picture of

3

the new factory. Co-defendant Jerry Dennis Thomas confirmed that Anderson showed Lindsey and him a picture of the new factory. This testimony was confirmed in a tape recorded conversation between Lindsey and Thomas. Second, these fires actually occurred, and Anderson received insurance proceeds totalling about $1.5 million. Third, the government's certified public accountant testified that Anderson's businesses had experienced slumping sales and that these recoveries tended to improve Anderson's debt/equity and cash positions. Fourth, the suspicious circumstances of the fires, in which only select parts of the facilities were burned, suggested illicit activity. Finally, Anderson's testimony at trial regarding the number and nature of the prior fires, and the amounts of money he recovered from his insurance companies differed from the sworn testimony he had given earlier to an insurance company attorney.

The court then concluded that (1) the evidence of the other fires was relevant to prove the contested issues of motive and intent, (2) pursuant to the conditional relevancy test of Rule 104(b),[1] the jury could reasonably find by a preponderance of the evidence that the four previous fires at Anderson's manufacturing plants resulted from his arson, (3) the probative value of this evidence, considered in light of the extent to which the jury

---

[1] The admission of extrinsic offenses under Rule 404(b) must be evaluated under the conditional relevancy test of Rule 104(b), which states that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

instructions and the government's closing argument affected its possible prejudicial impact, was not substantially outweighed by its possible unfair prejudicial effect on Anderson, and (4) the admission of this evidence did not improperly affect the outcome of the case.

We have carefully reviewed the post-appeal transcript, the district court's Findings of Fact and Conclusions of Law, and the parties' supplemental briefs. We hold that within the trial judge's considerable discretion it was proper to admit the extrinsic evidence of the four previous fires. As we said in our prior opinion, "We apply a highly deferential standard to a trial court's evidentiary rulings and will reverse only for an abuse of discretion." Anderson, 933 F.2d at 1261. The requirements of Rule 104(b) and Rule 404(b), as explicated in Beechum, have been satisfied.

We find no reversible error in the record and affirm Anderson's convictions.

AFFIRMED.