# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-20310
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ALEXANDER ORTEGA,

Defendant–Appellant.

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-119-2

————

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Alexander Ortega appeals his conviction of conspiracy to possess with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to distribute heroin.  Law enforcement agents arrested Ortega after making a controlled delivery of guitars containing heroin, which had been shipped from Mexico by a private company, to Ortega's father at a vacant house down the street from where Ortega and his father lived.  Evidence showed that Ortega had previously induced others to try to smuggle methamphetamine into the United States by carrying it across the border.

Ortega first contends that there was insufficient evidence to show that he knowingly agreed with his father to smuggle the heroin.  Relevant evidence sufficient to prove this element included testimony that Ortega suspected a law-enforcement set-up and warned his father, testimony that Ortega fled when he saw his father being arrested, telephone conversations with an under-cover agent in which Ortega revealed his knowledge of the drug-smuggling scheme, and extrinsic evidence that Ortega had previously conspired with others to smuggle drugs.  After viewing the evidence, the reasonable inferences therefrom, and all credibility determinations in favor of the verdict, we conclude that any rational jury could have found that the government proved the elements of the crime.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Concerning the extrinsic evidence of methamphetamine-smuggling, Ortega claims that it was inadmissible under Federal Rule of Evidence 404(b).  We review that ruling "under a heightened abuse of discretion standard." *United States v. Alarcon*, 261 F.3d 416, 424 (5th Cir. 2001).  Nonetheless, the district court had "considerable discretion" in admitting the evidence, and our review is "highly deferential."  *United States v. Anderson*, 976 F.2d 927, 929 (5th Cir. 1992).

Rule 404(b)(1) precludes the admission of "[e]vidence of a crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  FED. R. EVID.

404(b)(1). Such evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). The extrinsic evidence must first be "relevant to an issue other than the defendant's character." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). "[T]he relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." *Id.*

Although Ortega's prior offense involved a different drug and a different method of smuggling, evidence of drug-trafficking is typically probative of a defendant's knowledge and intent to commit a charged drug offense. *United States v. Duffaut*, 314 F.3d 203, 209 (5th Cir. 2002); *United States v. Broussard*, 80 F.3d 1025, 1030, 1039–40 (5th Cir. 1996); *United States v. Bermea*, 30 F.3d 1539, 1549, 156–-62 (5th Cir. 1994); *cf. United States v. Saucedo-Munoz*, 307 F.3d 344, 349–50 (5th Cir. 2002) (stating that drug-smuggling conviction was admissible to show that defendant knew drugs were concealed in connection with the charged offense); *United States v. Elwood*, 999 F.2d 814, 815–16 & n.3 (5th Cir. 1993) (noting that prior possession of drug-trafficking paraphernalia "tends to negate [the defendant's] assertion that he knew nothing" of illicit drugs in the charged case).

The district court aptly concluded that the crimes were sufficiently similar to make the evidence relevant to Ortega's knowledge, his intent to plan, and an absence of mistake or lack of accident in the sense that the heroin did not merely show up fortuitously where Ortega happened to be. In addition, some of the testimony about the prior smuggling venture was probative of an existing connection between Ortega, Alfonso, and Mexican drug traffickers.

The evidence must also "possess probative value that is not substantially

outweighed by its undue prejudice and must meet the other requirements of [Federal Rule of Evidence] 403." *Beechum*, 582 F.2d at 911. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The test is not for "any" prejudice, but only for "undue prejudice" that "substantially" outweighs the probative value of the evidence. *Beechum*, 582 F.2d at 911. "A bald assertion that the probative value of extrinsic offense evidence was substantially outweighed by its prejudicial effect does not show an abuse of discretion by the district court." *Bermea*, 30 F.3d at 1562.

The extrinsic evidence tended to prove that Ortega was not an innocent bystander, unaware that his father was involved in drug-trafficking. Further, as the district court noted, the extrinsic evidence was not inflammatory, cumulative, provocative, heinous, or likely to incite the jury to make an irrational decision. *See* FED. R. EVID. 403; *United States v. McMahon*, 592 F.2d 871, 876 (5th Cir. 1979). Finally, the risk of unfair prejudice was minimized by the court's instructions to the jury that testimony about other acts could be considered only for the specific limited purposes set forth in Rule 404(b)(2). *McMahon*, 592 F.2d at 876. Ortega fails to show that the court abused its discretion by admitting evidence about his proper smuggling efforts. *See Alarcon*, 261 F.3d at 424; *Anderson*, 976 F.2d at 929.

The judgment is AFFIRMED.