# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROSA MARIA MELENDEZ-JIMENEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-168-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

In May 2015, a jury convicted Rosa Maria Melendez-Jimenez of attempted exportation of defense articles from the United States, in violation of 22 U.S.C. § 2778(b)(2) and (c), 22 C.F.R. § 121.1, and 18 U.S.C. § 2. The district court sentenced Melendez to, *inter alia*, 78 months' imprisonment. In challenging her conviction, Melendez asserts the court erred in: admitting extrinsic evidence, under Federal Rule of Evidence 404(b), of her prior

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-41197

involvement in transporting ammunition from the United States to Mexico; and granting the government's motion, after it rested, to reopen the evidence and present additional testimony.

Regarding the extrinsic-evidence issue, a district court has "considerable discretion" in admitting such evidence, and our review for abuse of discretion is, therefore, "highly deferential". *United States v. Anderson*, 976 F.2d 927, 929 (5th Cir. 1992) (internal quotation marks omitted). For extrinsic evidence to be admissible, it must: be "relevant to an issue other than the defendant's character"; and "possess probative value that is not substantially outweighed by its undue prejudice and . . . meet the other requirements of rule 403". *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

Melendez contends the extrinsic evidence does not satisfy the first *Beechum* prong, because her uncharged prior conduct lacks similarity to her offense conduct. This assertion fails. Both occasions in which Melendez was involved in transporting ammunition into Mexico share several similarities, including, *inter alia*: Melendez' meeting Pedro Ramirez-Aguirre (who presented the challenged testimony at trial) at a grocery store in Brownsville, Texas; her instructing Ramirez to walk across the bridge to Mexico with similarly-sized bags loaded on a cart or dolly; her enlisting her son-in-law's help to load the bags; and her use of a white pickup truck.

For the second *Beechum* prong, the court mitigated any undue prejudice by: giving a limiting instruction prior to Ramirez' testimony; reminding the jury it could only consider the evidence for the limited purposes of knowledge and intent to commit the charged offense; and including that same instruction in the jury charge. *E.g.*, *United States v. McCall*, 553 F.3d 821, 829 (5th Cir. 2008). Accordingly, Melendez fails to show the court abused its discretion in admitting the challenged evidence.

No. 15-41197

For the claim the court abused its discretion in granting the government's motion, after it rested, to reopen the evidence, the decision to do so "lies within the sound discretion of the district court". *United States v. Walker*, 772 F.2d 1172, 1177 (5th Cir. 1985) (internal quotation marks and alteration omitted). "In exercising [that] discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion." *Id.* (quoting *United States v. Thetford*, 676 F.2d 170, 182 (5th Cir. 1982). "The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief." *Id.* (quoting *Thetford*, 676 F.2d at 182).

The challenged testimony, by a Customs and Border Patrol Agent, concerned Melendez' border-crossing history. Melendez avers the court failed to conduct an analysis of all three of the above prongs: the timeliness of the motion; the character of the testimony; and the effect of granting the motion. The court, however, considered the character of the testimony and the effect of granting the motion, and discussed those concerns with the parties. Although it did not address the motion's timeliness, this factor weighs in favor of the court's exercise of its discretion because: the government moved to reopen the morning after it rested its case; the defense had not yet presented evidence; and the jury had not been charged or begun its deliberations. *See United States v. Ard*, 544 F.2d 225, 226–27 (5th Cir. 1976).

Finally, Melendez asserts the government offered no explanation for why it did not elicit the challenged testimony in its case-in-chief. Although *Walker* instructs that the moving party should offer an explanation for the motion to reopen, the failure to do so is not fatal. *See Walker*, 772 F.2d at 1177. The Agent had been designated as a witness and another Agent had testified a border-crossing history for Melendez had been conducted. In any event, any

No. 15-41197

assumed error is harmless in the light of the other ample evidence of Melendez'
guilt.  *E.g.*, *McCall*, 553 F.3d at 829.

AFFIRMED.